# Alabama Great Southern Railroad Co. v. Burgess.

*Action for Damages for Personal Injuries.*

119 555
121 226

119 555
132 480
132 518
133 207

1. *Opinion of witness, not an expert.*—A witness, not shown to know anything about the time or distance within which a train could be stopped under any circumstances or conditions, is incompetent to give his opinion as to the distance within which the train could have been stopped on the occasion of the injury.

2. *Error in admitting testimony cured by its exclusion.*—The error of the court in admitting illegal evidence, is cured by its subsequent exclusion from the jury; and the right of the court thus to correct itself can not be defeated by the fact that the party injured by its admission has been forced, in view of its being before the jury at one time, to introduce evidence which puts him to a disadvantage after its withdrawal. The party injured, it may be, should be allowed to withdraw his evidence so presented, but the court is not bound to persist in the error it has committed.

[Alabama Great Southern Railroad Co. v. Burgess.]

3. *Wanton injury.*—Where the engineer in charge of a locomotive discovered upon the track a child between seven and eight years of age, at such a distance ahead of the engine, that by the use of the means at his command he could have stopped the train, and thus have avoided injury to the child; but, having in mind what to do to save the child, and the means to that end, he failed to use those means, this could not be less than a conscious failure of obvious duty in view of probable disastrous consequences; and such failure of duty, with the probable consequences standing out before him, was at least wanton and reckless disregard of the child's safety, for which the defendant would be liable, though the child's own negligence may have contributed to the result.

4. *Intent to injure, not necessary.*—An intent to injure on the part of defendant's employes is not essential to a liability, notwithstanding contributory negligence; it is enough if they exhibit such wantonness and recklessness as to probable consequences as implies a willingness to inflict injury, or an indifference as to whether injury is inflicted, though they may not have such affirmative purpose.

5. *Conscious failure of duty.*—A charge: "That all that is meant in this case by wanton, willful, or intentional negligence is the conscious failure, on the part of the defendant, to use reasonable care, to avoid the injury after discovering the danger of the child, if the jury find from the evidence there was such failure, and the injury resulted therefrom," is a correct statement of the law. (*A. G. S. R. R. Co. v. Burgess*, 22 So. 913, overruled on this point).

6. *Measure of proof; satisfy the jury.*—It is not on the plaintiff to satisfy the jury of the facts necessary to recovery, but only to reasonably satisfy them.

7. *Measure of damages; discretion of jury.*—Where the recovery must be rested upon the wanton or willful misconduct of the defendant's employes, and the damage may be punitive as well as compensatory in character, and where compensatory damages are claimed for physical and mental pain and suffering, the court does not err in instructing the jury, that if plaintiff is entitled to recover at all, they may award him such damages as they see proper to assess, not in excess of the amount claimed in the complaint.

8. *Excessive verdict.*—A verdict for five thousand dollars damages for the wanton injury of plaintiff, a child seven to eight years old, by which injury the outer plate of the skull was fractured, inflicting a temporary loss of speech, and rendering plaintiff unconscious for two days, but inflicting no permanent injury further than a slight depression in the outer plate of the skull, is excessive, and ground for new trial.

APPEAL from Etowah Circuit Court.

Tried before Hon. J. A. BILBRO.

This was an action brought by the appellee, Telly John Burgess, suing by his next friend, against the appellant, the Alabama Great Southern Railroad Company; and sought to recover damages for personal injuries.

The cause was tried upon the 2d and 7th counts of the complaint. The 2d count charges that the defendant "wantonly and intentionally, through its agents or servants, drove and propelled its engine and train upon and against plaintiff in said county, who was then and there a minor between seven and eight years of age, knocking him down and fracturing his skull and other-wise wounding and injuring him to his great damage, as aforesaid." The 7th count was identical with the 2d, with the exception that it alleged that the defendant "willfully, wantonly and intentionally, through its agents or servants, drove," etc. It was shown upon the trial of the cause that the plaintiff was injured by being struck by the engine connected with one of defendant's trains. Two practicing physicians testified that there was a scalp wound of about 3 inches on the left side of the plaintiff's head and that the outer plate of the plaintiff's skulll was fractured 2½ inches and that there was a slight depresion in the head as the result of the injury. These witnesses further testified that plaintiff was rendered unconscious by the blow, and remained so about two days; that there was a temporary loss of speech; that the chances were nine to one that there would be no permanent injury resulting from the wounds. During the examination of L. F. Burgess, the father of the child, and after he had testified to his having lived within a short distance from and in full view of the track where the accident occurred, and that he had seen passenger trains running on that railroad frequently at the rate of 35 or 40 miles an hour, plaintiff asked the witness the following question: "Have you ever seen that train running on schedule time stop there on that grade?" The defendant objected to this question, on the ground that it called for immaterial, irrelevant and incompetent testimony. The court overruled the defendant's objection, and the defendant duly excepted. The witness answered that he had seen the same train that goes north every evening on the same time,

with the same engine, No. 115, stop on that grade there
when road was in same condition as at time of injury.
The defendant objected to this answer on the ground
that it is immaterial, irrelevant and incompetent, and
on the ground that the conditions are not shown to have
been the same as at the time of the accident; on the
further ground that the engine is not shown to have
been in the same condition as at the time of the accident,
and on the further ground that the speed of the train is
not shown to be the same as at the time of the
accident. The court overruled the defendant's objec-
tions, and the defendant excepted. Witness Burgess
stated: that he was a farmer; never rode on a train but
a few times in his life, that he never rode on an engine,
that he never drove an engine, and had no experience as
an engineer. Counsel for the plaintiff then propounded
to the witness the following question: (2.) "Within
what distance can a passenger train running on regular
schedule, going north, be stopped at that place as the
road was at that time?" The defendant objected to this
question on the ground that it called for a conclusion of
the witness, and the witness is not shown to have been
an expert, and on the further ground that the question
calls for irrelevant, immaterial, incompetent and illegal
testimony, and on the further ground that no proper
predicate has been made for the introduction of this evi-
dence, and on the ground that it is not shown that the
conditions were the same as at the time of the accident,
and on the further ground that it is not shown what rate
of speed the train was running at the time the accident
occurred, and on the further ground that it is not
shown what were the conditions of the appliances for
stopping the train at the time the accident occurred.
The court overruled defendant's objections, and the de-
fendant duly excepted. The witness replied: "The
train can be stopped in about two hundred yards." The
defendant moved to exclude this answer of the witness
on the same grounds above set out to the question, which
motion the court overruled, and the defendant excepted.
The defendant's evidence tended to show that the en-
gineer put on brakes, etc., about 50 yards before strik-
ing plaintiff, and the train came to a stop about 150
yards from the accident. The bill of exceptions recites
that after the closing of the testimony, the plaintiff

"asked the court to be allowed to withdraw questions (1) and (2) propounded to L. F. Burgess by plaintiff on direct examination, and the answers to said questions (said questions and answers were in reference to witness having seen a train stopped on the grade and as to distance within which train could be stopped). The court allowed the plaintiff to withdraw the testimony, and stated to the jury that there was no evidence before them on the subject of distance within which a train could be stopped, except the evidence of defendant, and to this statement of the court to the jury, defendant objected and excepted. Counsel for the defendant stated in open court that he did not consent to the course taken by counsel for the plaintiff and protested that the introduction of the testimony had worked injury to the defendant which could not be healed by withdrawing it, and counsel for defendant stated to the court that he still insisted upon an exception to the action of the court in admitting the testimony." The defendant separately excepted to the following portions of the court's general charge to the jury: "To both these counts, two and seven, the defendant pleads that it is not guilty of the wrongs complained of, so therefore, gentlemen, I charge you if you believe from the evidence that the defendant was propelling an engine with cars along its track, and that the defendant saw that the plaintiff was in danger of injury by said engine, and that defendant, after discovering plaintiff's peril, consciously failed at the time to use the means at hand, which the circumstances reasonably required to avert the injury, and that in consequence of such failure the engine was driven against the plaintiff and injured him, then the plaintiff is entitled to recover under the second or seventh counts of his complaint, such damages as you see proper to assess, not exceeding the amount claimed in either count." At the request of the plaintiff the court gave to the jury the following written charges: (1) "The court charges the jury that the impossibility of definitely measuring the damages, by a money standard, where pain is claimed as an element of damages, is no ground for denying pecuniary relief, if the jury believe plaintiff is entitled to recover in this case." (2.) "In order for the plaintiff to recover in this case, it is not necessary that the jury should find

that the engineer intended to injure plaintiff, if the case is made out in other respects." (3.) "The court charges the jury that if they are reasonably satisfied from the evidence that the engineer saw the child (plaintiff) on the track, and saw that he was in peril, in time to avoid injuring him, by the exercise of reasonable diligence, and they further find from the evidence that the engineer consciously failed to exercise such reasonable diligence to avoid injury to plaintiff, and the child was injured in consequence of such failure, then such failure would be wanton negligence and the plaintiff would be entitled to recover in this case, not exceeding twenty-five thousand dollars, if the case is made out in all other respects." (4.) "The court charges the jury that what is meant in this case by wanton negligence is the conscious failure on the part of defendant to use reasonable care, under the circumstances, to avoid the injury after discovering the danger of the child, if they find there was such failure, and injury resulted therefrom." (5.) "The court charges the jury that although the plaintiff (Telly Burgess) was himself negligent or at an improper place when he was struck by the train, yet if the engineer saw the plaintiff's peril in time to stop the train, and could have stopped it by the use of reasonable care before plaintiff was struck, and consciously failed to do so, and plaintiff was struck by the train and injured, the defendant would be liable and the jury should find for the plaintiff such damages as they think he is entitled to recover, not exceeding the sum claimed in the complaint." To the giving of each of these charges the defendant separately excepted, and also separately excepted to the court's refusal to give each of the folowing charges requested by it: (7.) "The court charges the jury that if they find from the evidence that if plaintiff voluntarily went on the track and was injured while on the track, and that the plaintiff had sufficient capacity to know that the track was a dangerous place, and also to know that the way to escape from the danger was to keep off the track, then they should find a verdict for the defendant, unless the evidence satisfies them that the engineer willfully and wantonly or intentonally injured the plaintiff." (8.) "The court charges the jury that if they believe all the evidence they should find a verdict for the defendant."

[Alabama Great Southern Railroad Co. v. Burgess.]

The jury returned a verdict in favor of the plaintiff, assessing his damages at $7,000. Thereupon the defendant moved the court to set aside the verdict of the jury upon the ground, among others, that the verdict was excessive and contrary to the evidence. Upon proceeding to hear and determine this motion, the presiding judge stated that in the opinion of the court the damages assessed "were excessive and that five thousand dollars as damages was sufficient." The bill of exceptions recites that thereupon the plaintiff "in open court remitted two thousand dollars of the damages assessed by the jury; and thereupon the court made the following order in said cause: "On this, the 20th day of November, 1897, come the parties, by attorneys, and the defendant (movant) moves the court to set aside the verdict of the jury in this case and the judgment rendered thereon and grant a new trial of the cause upon the grounds specifically set forth in said motion, which said motion is in writing and spread upon the motion docket of this court, and the plaintiff now in open court remitting $2,000 of the damages assessed by the jury, upon due consideration it is ordered and adjudged by the court that said motion be and the same is hereby overruled. To the rendition of this judgment overruling said motion, the defendant duly excepted. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

A. E. GOODHUE, for appellant.—The charges given for plaintiff did not correctly define wanton injury.—*Birmingham R. & E. Co. v. Bowers,* 110 Ala. 331; *A. G. S. R. R Co. v. Burgess,* 22 So. 94. The court erred in instructing the jury that plaintiff might recover such damages "as you see proper to assess," etc.—*Montgomery & Eufaula R. Co. v. Mallette,* 92 Ala. 217; *Alley v. Daniel,* 75 Ala. 404. When it appears that the jury has awarded excessive damages, in a case where it is impossible to determine what the jury acted upon, or how they made up their verdict, under the charge of the court, so as to correct the error and arrive at the amount they should have given, a remittitur will not cure the verdict.—*Smith v. Dukes,* 5 Minn. 373; *Orange R. R. Co. v. Fulver,* 17 Gratt. (Va.) 366; *Lambert v. Craig,* 12 Pick. (Mass.) 199; *Hodapp v. Sharp,* 40 Cal. 69; *Nudd*

*v. Wells,* 11 Wis. 477; *Gulf R. R. Co. v. Coon,* 69 Texas, 730; *Inter. R. R. Co. v. Wilkes,* 68 Texas 617; 1 Souther-land on Damages p. 952; *Cross v. Wilkins,* 43 N. H. 332; *Baker v. Madison,* 62 Wis. 137; *McLimans v. Lancaster,* 63 Wis. 596.

DORTCH & MARTIN, *contra.*—The admission of Burgess' testimony, if error, was cured by allowing plaintiff to withdraw it.—93 Ala. 50; 83 Ala. 287; 79 Ala. 9; 108 Ala. 366. The charges given for plaintiff follow the latest decisions of this court. The criticism of charge No. 7, in case in 22 So. 914, were not well taken, and should be overruled.—*A. G. S. R. R. Co. v. Burgess,* 20 So. 169; *Birmingham Ry. & Elec. Co. v. Bowers,* 110 Ala. 328; *Markee's Case,* 103 Ala. 160; 22 So. 434; *Ib.* 483. The charge of the court as to measure of damages was correct.—93 Ala. 45; *Mobile St. Ry. Co. v. Schnac-kel,* MSS. We insist that the verdict was not excessive under the facts of the case. But, if so, it was not so greatly in excess as to warrant the conclusion that it was prompted by "passion and prejudice." In such case a remittitur cures the verdict.—See authorities cited to 16 Am. & Eng. Encyc of Law, 593, note 4; *Albin v. Kinney,* 96 Ill. 214; *Arkansas Valley Land Co. v. Mann,* 130 U. S.; *Northern Pac. R. R. Co. v. Herbert,* 116 U. S. 642.

MCCLELLAN, J.—The witness, L. F. Burgess, was not shown to know anything about the time or distance within which a train could be stopped under any cir-cumstances or conditions. He should not, therefore, have been allowed to give his opinion that defendant's train could have been stopped on the occasion of the injury within a distance of two hundred yards. The error of receiving this testimony was, however, cured by its subsequent exclusion. And the court's right and power to thus correct itself cannot be defeated of exer-cise by the fact that the defendant was forced, in view of this testimony being improperly before the jury at one time, to introduce evidence which put it at a disadvant-age after this was withdrawn. The defendant, it may be, was entitled to protection against such a result through a request to be allowed to withdraw the evidence it had been thus forced to offer, but the court was not bound to persist in the error it had committed.

The case made by one tendency of the evidence is this:

A child between seven and eight years of age was upon
defendant's track.   A train was approaching at the
speed of thirty-five or forty miles an hour.   When four
hundred yards from the child the engineer discovered it
in its perilous condition.   With due care and diligence,
*i. e.* by the use of the means at his command, he could
have stopped the train within two hundred yards and
thus have avoided the injury to the child. Knowing this,
he nevertheless failed to so stop his train.   If he con-
sciously failed to exercise the care it was his duty to ex-
ercise under the circumstances; if, having in mind what
to do in order to save the child and having in hand the
means to that end, he failed to use those means, this can-
not be less than a conscious failure of obvious duty in
view of probable disastrous consequences; and such fail-
ure of such duty, with the probable consequences stand-
ing out before him is at the least wanton and reckless
disregard of the child's safety, for which the defendant
would be liable, though the child's own negligence may
have contributed to the result. We understand that part
of the court's general charge to which an exception was
reserved and charges 2, 4 and 5 given at plaintiff's re-
quest to so state the law; and the court did not err in
any of these instructions.   Of course, an intent to injure
on the part of defendant's employes is not essential to
liability, notwithstanding contributory negligence.   It
is enough if they exhibit such wantonness and reckless-
ness as to probable consequences as implies a willing-
ness to inflict injury, or an indifference as to whether
injury is inflicted, though they may not have any such
affirmative purpose.   Charge 2 correctly asserts this
last proposition, when referred to the evidence, in that
it affirms that an intention on the part of the engineer to
injure the plaintiff was not essential to recovery.

In the case of *Ala. Gt. So. R. R. Co. v. Burgess, Admr.
etc.,* 22 So Rep. 913, a charge, there numbered 7, much
like charge No. 5 given for the plaintiff in this case, was
criticised and condemned.   It was as follows:   "That
all that is meant in this case by 'wanton, willful or in-
tentional negligence' is the conscious failure, on the
part of the defendant, to use reasonable care, under the
circumstances, to avoid the injury after discovering the
danger of the child, if the jury find from the evidence
there was such failure and the injury resulted there-

from." The ground of the criticism was that the charge did not hypothesize a consciousness on the part of the defendant that the injury would probably result from the conscious failure to use the means at hand to avoid it. We now think that this criticism was ill founded. The charge does hypothesize that the danger in which the child was had been discovered by the defendant's employes and was known to them; it does hypothesize that there were means at hand known to the employes to avoid the injury which was imminent, and it does hypothesize that they consciously failed to use these means, and that in consequence thereof the injury was inflicted. It was not a mere negligent, inadvertent, unintentional failure to use the means at hand, of which willfulness and wantonness cannot be affirmed, even though they knew the danger; but it was a conscious omission to use a known means to a known end, after having discovered, and, therefore, at the time knowing, the peril to be averted by such use. We now think it cannot be fairly said but that on the facts hypothesized in that charge the defendant's employes were conscious that their omission to act would likely result in the injury complained of. COLEMAN, J., adheres to the views on this point he expressed in the case just cited, that said charge, on account of its phraseology, was misleading.

It is sufficient to say in condemnation of charge 7, refused to defendant, that it exacts too high a degree of proof. It was not on the plaintiff to *satisfy* the jury absolutely of wantonness, willfulness or intentional wrong on the part of defendant's employes, but only to reasonably satisfy them.—*Torrey v. Burney*, 113 Ala. 496.

Where, as in this case, the recovery must be rested upon the wanton or willful misconduct of the defendant's employes, and the damages may be punitive as well as compensatory in character, and where, as here, compensatory damages are claimed for physical and mental pain and suffering, the court does not err in instructing the jury that if the plaintiff is entitled to recover at all they may award him such damages as they see proper to assess not in excess of the amount claimed in the complaint. Such a charge in truth and in fact refers the assessment to the sound discretion of the jury.

[Southern Railway Co. v. Wildman, Admr.]

If it be supposed or feared that the jury might not so understand it, or might by it be misled to an unbridled and capricious assessment, an explanatory instruction should be requested.—*Ala. Gt. So. R. R. Co. v. Bailey,* 112 Ala. 167; *M. & E. R'y Co. v. Mallette,* 92 Ala. 209. And when to the consideration that physical and mental pain and suffering were to be compensated for in this case, and that accurate measurement of such compensation is not practicable, is added the consideration that exemplary and punitive damages were within the sound discretion of the jury in this case, we do not see our way to the conclusion that the assessment of seven thousand dollars was excessive. Whether, conceding that assessment to have been excessive, and five thousand dollars not to be excessive, the trial court should have set the verdict aside instead of requiring plaintiff to remit two thousand as a condition to overruling the motion to vacate the verdict, we need not decide. It is, therefore, the writer's opinion that the assessment of seven thousand dollars was not excessive, and, of course, that the reduced verdict was not excessive, and should be allowed to stand. A majority of the court, however, holds that the reduced verdict was excessive, and that the trial court should have granted a new trial on that ground. For this error the judgment must be reversed. The cause is remanded.

Reversed and remanded.