# Blackburn *v.* Alabama Great Southern Railroad Co.

*Action by Passenger against Carrier to Recover Damages for Carrying him beyond his Destination.*

1. *Nominal damages; failure to award, when not reversible error.* Where there is no important right to be vindicated by the awarding of nominal damages, the failure to award them is not a reversible error, unless the plaintiff would be entitled to recover his full costs. When to award nominal damages would only entitle plaintiff to recover nominal costs, the judgment of a lower court will not be reversed, for failure to award such nominal damages.

APPEAL from County Court of Tuscaloosa.
Tried before the Hon. HENRY B. FOSTER.

[Blackburn v. Alabama Great Southern Railroad Co.]

Action by the appellant against the appellee to recover damages for carrying him to a point beyond his destination, he being at the time a passenger on its railroad.

The evidence for the plaintiff tended to show that on August 20, 1903, he purchased a ticket at Bessemer for Standiford, a station on defendant's railroad; that the conductor took up his ticket before reaching Standiford and that the train did not stop at that place, and plaintiff then complained to the conductor and the latter admitted the error and offered to run the train back, but this he afterwards declined to do and plaintiff left the train at the next station, Greenpond, which was two miles from Standiford; that he walked to his home at Reno, from this point, a distance of about two and one-half miles; that the distance from Standiford to his home was something over a mile; and that he was put to no expense in going to his home.

The evidence for the defendant tended to show that plaintiff was carried beyond his destination, as stated by him; that the conductor of the train offered to pay plaintiff's expenses but the latter declined to permit him to do so and that the public road from Greenpond to Reno was good.

Upon the introduction of the evidence the court gave the general affirmative charge for the defendant and refused a like charge for the plaintiff, to which actions of the court the plaintiff excepted.

BOWMAN, HARSH & BEDDOW and JONES & FITTS, for appellants.—For every violation, invasion or infringement of a legal right the law implies damage; when substantial damage is not shown it implies the smallest amount of it, but still in amount sufficient to the maintenance of the action.—8 Enc. Law, 2 ed. 551; *Adams v. Robinson,* 65 Ala. 586; *Trustees v. Turner,* 71 Ala. 429; *Bagby v. Harris,* 9 Ala. 173; *Parker v. Mise,* 27 Ala. 480; *Kennon v. W. U. T. Co.,* 29 Ala. 399; *Treadwell v. Tillis,* 108 Ala. 262; *L. & N. R. R. Co. v. Daucy,* 97 Ala. 338; *R. Co. v. Lockhart,* 79 Ala. 315; *R. Co. v. Sellers,* 93 Ala. 9.

A. G. & E. D. SMITH, *contra.*—The court properly gave the general charge for defendant.—*Kirchbaum's*

*case,* 132 Ala. 535.   See also cases of *Blount,* 126 Ala. 105; *Blocker,* 138 Ala. 484; *Waters,* 139 Ala. 652.   This was an action *ex delicto,* and no actual damages being shown, the court will not reverse the case because nominal damages were not awarded.

TYSON, J.—The complaint contains two counts and both are in case—*ex delicto.*   While the evidence undisputedly establishes the breach of duty alleged in the first count, it does not tend in any degree, as we will show, to prove the averments of that count upon which the substantial damages sought to be recovered are predicated.

It is there alleged that plaintiff in consequence of the breach of duty "Suffered great physical and mental pain and anxiety, was put to great trouble, inconvenience and expense in and about going back to his destination, and having a large amount of money on his person and being compelled to go through a lonely country back to his destination, he was put in great fear and was made sore and sick and lost much time in getting to his said destination."   The testimony undisputably shows that plaintiff did not, after leaving the train at Green Pond station, go back to the station, Standiford, the point of his destination, as alleged, but walked from Green Pond directly to his home. It also shows that he would have had to walk from Standiford to his home had the train stopped there.   It is true, it does show he was compelled to walk about one mile further, than he would have had to have done had he been put off at Standiford, and this is the only inconvenience shown that he suffered.   But this inconvenience is not the one complained of in the count.   There was no evidence that he suffered mental and physical pain, or that he had a large amount of money, or that he was compelled to go through a lonely country, etc., etc., as alleged.   But it is insisted that plaintiff, having shown, without dispute, by the evidence, the breach of duty as alleged, was entitled to recover nominal damages.   It is true that "Every wrong imports a damage and where none other is proven and the evidence shows a clear breach of duty, nominal damages are always recoverable."—*Adams v. Robinson,* 65 Ala. 586;

8 Am. & Eng. Ency. Law, (2nd ed.), p. 551, and cases cited in note 4. But it does not follow from this that this Court will reverse the judgment appealed from, for the purpose of allowing plaintiff to recover nominal damages, in the absence of a right of importance to be vindicated by the assessment of them, and in view of the fact that he could recover under the statute (§ 1326 of Code) no more costs than damages. Such damages are awarded, not as compensation for the injury, but merely in recognition of plaintiff's right and its technical infraction by defendant.

In *New Orleans, M & T. R. R. Co. v. S. & A. T. Co.,* 53 Ala. 211, which was an *ad quod damnum* proceeding, the jury by their verdict found that appellant would not sustain any damage by the construction and maintenance of the telegraph line as proposed by the petitioner, and a decree was rendered by the court in accordance with the verdict. The point was made in this Court that the appellant was entitled to nominal damages, and it was insisted that the decree should be reversed for the failure to award them. The Court, speaking through Justice MANNING, in reference to the contention, said: "It would have been more in harmony with the practice in suits at law, if, when no damage was proved, the jury had been instructed in this cause, to render their verdict for a small specified sum as nominal damages. This practice was adopted in common law courts for conformity with the rule, which became established after the statute of Gloucester (C. Edw. I) that the party who failed in an action at law should be mulcted in costs. There are many cases in which a party may be entitled to a judgment, although no damage be proved. For instance, where the act done is of such a character that its repetition or continuance may become the foundation of an adverse right, the law, in the absence of any special injury. gives nominal damages, a suit being necessary to preserve title;—*Burden v. Stein,* 24 Ala. p. 148, and cases cited. Nominal damages are allowed in such cases to entitle the party to costs. But, since the statute in this case provides that the petitioner must pay the costs, and it was required to pay them, there is no sensible

reason for setting aside a decree and verdict which did not allow merely nominal damages, when no damage was, in fact, sustained." While it is true this case does not go to the extent we must go to affirm the judgment here appealed from, it does unmistakably recognize and approve the principle that nominal damages are not compensatory, and the refusal to award them deprives the party entitled to them of no property right.

In 8 Am. & Eng. Ency. Law, (2nd ed.) page 560 the rule is stated in this language: "It has been said that the failure to assess nominal damages was not in general an error which affected the substantial rights of the parties, and that, therefore, a judgment would not be reversed for failure alone to give nominal damages. When, however, nominal damages will go to establish some question of permanent right, there will be a reversal of the judgment or a new trial awarded for an erroneous failure to give nominal damages and likewise if a judgment for nominal damages will entitle a plaintiff to his costs." A large number of cases from other States are cited by the author which sustain the text. In a number of them the statutes regulating the recovery of costs are very similar to ours, and the courts, in consonance with the view expressed by us, refused to reverse the judgment in order to allow the plaintiff to recover one cent damages and one cent cost. See also 3 Cyc. p. 446.

Mr. Elliott, in his work on Appellate Procedure, § 636 states the rule to be this: "The doctrine running throughout the adjudged cases is that a wrong ruling is not available as error unless it does harm in a material degree to the substantial rights of the complaining party. It is not enough that there is harm, it must be so important as to merit the consideration of the appellate tribunal and take something of more than nominal value from the party who alleges error. It is upon this principle that it is held that the failure to assess nominal damages may be placed in the category of harmless errors. But there may be cases where a right of importance is to be vindicated by the assessment of nominal damages, and where this is so the failure to assess nominal damages may be prejudicial, not, indeed, because

of the amount involved but because of the right which requires vindication and establishment."

This statement of the rule is too broad, perhaps, and is not sanctioned by the weight of authority. The correct rule, as we understand it, is that where there is no important right to be vindicated by the awarding of nominal damages, the failure to award them is not a reversible error unless the plaintiff would be entitled to recover his full costs. And when, as here, to award nominal damages would only entitle plaintiff to recover nominal costs, this Court will not reverse the judgment for failure to do so. The breach of duty alleged in the second count of the complaint is not supported by the evidence.

Affirmed.

McCLELLAN, C. J., SIMPSON and ANDERSON, J.J., concurring.