(110 So. 895)

**MOSELY v. VERNER.   (6 Div. 731.)**

(Supreme Court of Alabama.   Nov. 11, 1926. Rehearing Denied Jan. 13, 1927.)

**1. Principal and agent ⬅➡78(6½)—Evidence that plaintiff was relieved of payment of her notes as part of consideration of realty held to authorize affirmative charge.**

In action on account, where evidence showed that plaintiff, as part of consideration for realty, was relieved of liability on her unpaid notes given to defendant's law firm, there was no error in affirmative instruction that, if evidence was believed, plaintiff could not recover against defendant on notes.

**2. Evidence ⬅➡99—Conversations by plaintiff with other members of defendant's law firm held properly excluded as being res inter alios.**

In action on account against member of law firm, conversations by plaintiff and other members *held* properly excluded from evidence as being res inter alios.

**3. Appeal and error ⬅➡1056(2)—Excluding evidence as to when plaintiff first learned of error in account held not prejudicial; limitations not being an issue.**

In action on account, excluding evidence as to when plaintiff first learned of error inquired about in suit *held* not prejudicial, where all

facts as to account challenged were submitted without question as to statute of limitations.

**4. Principal and agent** ⊚⇒78(5)—**Evidence of plaintiff's deceased husband's visits to defendant's office held relevant as explaining defendant's alleged failure to report transaction.**

In action on account against member of law firm, evidence of number of visits of plaintiff's deceased husband to defendant's office *held* relevant as explanation of defendant's alleged failure to report transactions of trustee to plaintiff; inference being that plaintiff was informed by husband, representing her, of status or facts acquired on visits.

**5. Evidence** ⊚⇒473—**Shorthand rendition of fact that plaintiff got benefit of loan in payment of her debts held properly admitted in evidence.**

In action on account, shorthand rendition of fact to defendant that plaintiff *got benefit of* loan in payment of her debts or in its use to her benefit, and benefit of moneys witnesses collected, except what was paid to defendant for services, *held* properly admitted.

**6. Principal and agent** ⊚⇒61(1)—**Agent to manage property and collect rents need exercise no more diligence and care than reasonably prudent man would exercise in management of own property.**

In action on account, charge that agent to manage property and collect rents is not required to exercise higher degree of diligence and care than reasonably prudent man would exercise on his own property, *held* not error.

**7. Trial** ⊚⇒251(2)—**Refusal of charges concerning statute of limitations held not error, where limitations was not in issue.**

In action on account, where facts were submitted unembarrassed by question of statute of limitations, refusal of charges dealing with statute was not error.

**8. Principal and agent** ⊚⇒61(1)—**That manager of property is an attorney held not to exact higher degree of care and prudence than is required of real estate agent.**

That agent, managing property, making repairs, and collecting of rents, is an attorney at law, does not exact of him higher degree of care and prudence than that required of real estate agent so acting.

**9. Trial** ⊚⇒256(1)—**Party thinking instruction requires explanation, should request instruction thereon.**

If party thinks instruction as given requires explanation, instruction thereon should be requested.

Appeal from Circuit Court, Tuscaloosa County; Henry B. Foster, Judge.

Action on account by Louise M. Mosely against Charles B. Verner. Plaintiff, being dissatisfied with the judgment in her favor, appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

Charge 6A, given for defendant, is as follows:

"6A. The court charges the jury that an agent for the management of property and collection of rents is not required to exercise a higher or greater degree of diligence and care than a reasonably prudent man would exercise in the management of his own property."

Jones, Jones & Van De Graaff, of Tuscaloosa, for appellant.

The limitation upon an action to recover money loaned, money wrongfully, negligently, or erroneously paid out, on account not appearing to be open or unliquidated, or upon a single contract or specialty, is six years. Code 1923, § 8944; Union Naval Stores Co. v. Patterson, 179 Ala. 525, 60 So. 807; Hairston v. Sumner, 106 Ala. 381, 17 So. 709; Moore v. Crosthwait, 135 Ala. 272, 33 So. 28; K. C., M. & B. Spann, 145 Ala. 679, 40 So. 83. The statute does not begin to run until discovery or error or omission in accounts. Code 1923, § 8966; Henry v. Allen, 93 Ala. 197, 9 So. 579; Christian v. Denmark, 156 Ala. 390, 47 So. 82. Evidence tending to show all former relations existing between client or principal and attorney or agent is competent to show the character and extent of confidence reposed. Roberts & Sons v. Williams, 198 Ala. 290, 73 So. 502. Where there is controversy whether a certain transaction occurred between plaintiff and defendant or the law firm of which defendant was a member, it is competent to ask plaintiff, as a witness, whether she had any conversation or negotiation with the other members of the firm. Kilgore v. Shannon, 6 Ala. App. 537, 60 So. 520. It is also competent to ask when plaintiff first learned of errors in the account when the statute of limitations is pleaded. Code 1923, § 8966; Henry v. Allen, supra. Evidence as to plaintiff's deceased husband coming to defendant's office in the matter of the transactions between plaintiff and defendant was incompetent. Code 1923, § 7721; McDonald v. Harris, 131 Ala. 359, 31 So. 548; Guin v. Guin, 196 Ala. 221, 72 So. 74. A question calling for the conclusion of the witness on a matter of fact is incompetent. Weller v. Camp, 169 Ala. 275, 52 So. 929, 28 L. R. A. (N. S.) 1106; Central of Ga. R. Co. v. Jones, 170 Ala. 611, 54 So. 509, 37 L. R. A. (N. S.) 588. Testimony of a statement or silence on the part of one not authorized to act for another is not competent. Postal Tel. Co. v. Brantley, 107 Ala. 683, 18 So. 321; Home Protection v. Whidden, 103 Ala. 203, 15 So. 567; Singer Mfg. Co. v. McLean, 105 Ala. 316, 16 So. 912. Defendant could not exact payment of commission on a loan after the same was assumed by defendant. Kidd v. Williams, 132 Ala. 140, 31 So. 458, 56 L. R. A. 879; Dawson v. Copeland, 173 Ala. 267, 55 So. 600; Ware v. Russell, 70 Ala. 174, 45 Am. Rep. 82. An attorney, in the management and control of his client's property, is held to a higher

degree of diligence and care and fidelity than an ordinary agent in management of real estate. 6 C. J. 686. Such attorney, in management of property, does not discharge his full duty in employing his best efforts to collect while permitting an insolvent tenant to continue to occupy the building. Garlick v. Dorsey, 48 Ala. 220; Ala. Con. Coal & Iron Co. v. Heald, 168 Ala. 626, 53 So. 162.

Foster, Rice & Foster, of Tuscaloosa, for appellee.

Counsel discuss the questions raised, but without citing authorities.

THOMAS, J. The issues of fact submitted to the jury covered all the acounts and transactions of the parties growing out of their relationship, with one exception.

Under plaintiff's evidence that she only discovered the alleged error in the accounts in question, the court instructed the jury to take the books, accounts, and vouchers and all the evidence introduced, and ascertain the true facts between the parties; that, if defendant had erroneously charged the plaintiff with any item, or negligently failed to collect any moneys, as her agent or had paid out any sums of money that were not properly charged to her, she would be entitled to recover for such items.

[1] The court specifically directed the jury's attention to many items, among which were the Boone and Walker rents, the Ayres and Laycock accounts, Williams interest, attorneys' account, etc. The inquiry of fact canvassed at the trial extended to the whole period of the agency without regard to the statute of limitations, and to each item or transaction challenged, save only that covered by given charge 5A for the defendant. The charge was:

"The court charges the jury that, if they believe the evidence in the case relating to the note of Mrs. Mosely to Oliver, Verner & Rice, which became due in the year, 1920, the plaintiff cannot recover against the defendant on the note."

We have collected the authorities as to when affirmative instructions should or should not be given. They are in McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135; and Jones v. Bell, 201 Ala. 336, 77 So. 998; Liverpool & London & Globe Ins. Co. v. McCree, 213 Ala. 534, 105 So. 901; Watts v. Metropolitan Life Ins. Co., 211 Ala. 404, 100 So. 812.

Was there error in giving charge 5A at defendant's request? Of this evidence appellant's counsel makes observation:

"The evidence shows without dispute that the plaintiff gave this note to the law firm of Oliver, Verner & Rice for a specific service rendered by that firm. It was never charged to her by the defendant, and never became his individual property. It had nothing to do with the defendant's accounts as agent for plaintiff. It was simply a debt owed by the plaintiff to the law firm. There was not, and could not have been, any obligation on the defendant to pay it or to account to plaintiff for the amount of it."

Did the mere fact that Verner and Fitts purchased the property covered by the mortgage to Kirkham before the maturity of some of plaintiff's notes to Oliver, Verner & Rice, cast upon the defendant or his law firm the duty of payment to plaintiff the sums evidenced by said notes thereafter accruing? Did the purchasers assume and agree to pay, as a part of the purchase price, the outstanding obligations of plaintiff, including the notes in question? The only tendency of evidence of the assumption on the part of the purchasers is that pertaining to the plaintiff's mortgage to Mrs. Kirkham. The plaintiff testified on direct examination as to the notes as follows:

"* * * That the loan referred to, which the defendant obtained from Mrs. Kirkham for the plaintiff, extended from the year 1913, to the year 1920; that in the month of January, 1919, plaintiff sold to the defendant and an associate of his, jointly, the real estate by a mortgage on which this loan from Mrs. Kirkham was secured; that the loan ran for one year after the date on which the plaintiff sold the property to the defendant and his said associate, and in said sale the defendant and his said associate assumed plaintiff's indebtedness to Mrs. Kirkham, which was secured by a mortgage on the property by way of paying to that extent the purchase price for the property, and the defendant charge the plaintiff a commission on this loan each year of the entire period during the time for which the loan ran, including the year next following the date on which the plaintiff sold the property to the defendant and his associate, and they assumed said indebtedness to Mrs. Kirkham, and during the period which the defendant and his associate owed the debt which was secured by the mortgage; the amount of this commission which the defendant thus charged the plaintiff was $200 per year; so the defendant charged the plaintiff, and the plaintiff paid the defendant, the sum of $200 for procuring for her a loan during the time that he himself owed it."

Later she said:

"And at that time you made this sale, these two notes to Oliver, Verner & Rice were still outstanding, and you paid them out of the proceeds of the sale of that property?" Yes, sir.

"To Mr. Verner and Mr. Fitts? Yes, sir." * * *

"Upon recross-examination, defendant's attorney asked the witness the following question: 'You said just now that. these notes to Oliver, Verner & Rice were paid out of the proceeds of the price you got for the property on the sale to Fitts and Verner, aren't you mistaken?' To which the witness replied: 'They were thrown in as a part of the purchase price.'"

When this evidence is considered with the pertinent testimony of Verner on that item

of account, there is no reasonable adverse inference to be drawn. He said:

" 'The extinguishment of Mrs. Mosely's indebtedness to me or to Verner and Rice as evidenced by these notes (indicating) entered into the transaction in which I settled my account with her—they were just wiped off. We just ascertained that she was indebted to me, and then they asked if I would not quit even with her, and I told them, "Yes," and then came up about these two notes that had not been paid, one of which was due and the other was not to become due in eleven months, for procuring that loan, and I agreed to just wipe that off too, and did do it; the loan from Mrs. Kirkham to Mrs. Mosely, commissions for obtaining which was represented in part by this note referred to, had one year longer to run at the time Mr. Fitts and I bought this property from Mrs. Mosely, and during this time the loan bore interest at the rate of 6 per cent. Prior to the date of the sale and purchase Mrs. Mosely had had the benefit of this 6 per cent. interest rate, and in the purchase of the property Mr. Fitts and I assumed that indebtedness.' "

It is not shown that she ever paid the notes thereafter to become due out of the proceeds of the sale, or there was obligation resting upon the defendant, to reimburse her for the payments theretofore made on such account. This testimony shows that the indebtedness to become due, according to the tenor of said unpaid notes, was given her, or rather that she was relieved of the payment thereof.

Affirmative charges as to counts claiming for merchandise, goods, and chattels sold defendant, and that for money loaned by plaintiff to defendant, as her attorney, or in that capacity, were properly given under the evidence. The controversy was that of account for moneys claimed that the defendant negligently failed to collect or improperly paid out, or assumed on the purchase of the property. These several items were unreservedly submitted to the jury with adverse decision to the plaintiff, other than the two items embraced in the verdict for plaintiff.

[2] The conversations had by plaintiff and other members of defendant's law firm, as to obtaining a loan, were properly excluded from the evidence, as being res inter alios, and under the issues of fact being tried.

[3] There was no prejudicial error to reversal for the exclusion of evidence as to when plaintiff first learned of the error inquired about in the suit. All the facts as to the several items of account challenged by the plaintiff were submitted to the jury, unembarrassed by the question of the statute of limitations. Hence the time of discovery was immaterial; it would have been otherwise had the court limited the inquiry of fact.

There was no error committed in the preliminary examination of the witness Borland. It sufficiently appeared that he was an accountant, auditing or examining the books and accounts and vouchers between these parties, and that he made inquiries of the defendant or trustee as to items, and the witness was permitted to testify as to the facts. He said that he called defendant's attention to the per cent. added to repair bills, and that the same had been added twice, and he also gave the defendant a reply to the effect that the record would show for itself, or "ought to show for itself," as to said items.

[4] The estate of the plaintiff's deceased husband was not affected by the answer of Verner that "Mr. Mosely was in my office from one to five times a week during the whole time he was here." The evidence of his recent visits to the defendant was relevant, as explanation of the defendant's alleged failure to report transactions of the trustee to the wife and ward; the reasonable inference being that the latter was informed, or was presumed to have been informed, by the husband representing her, of the status or facts acquired on such visits to defendant's office.

[5] The shorthand rendition of fact to Verner that plaintiff got the benefit of "that loan" in payment of her debts, or, in its use "for her benefit, and the benefit of her properties, all moneys which" witness had collected, "except what was paid you (witness) for your services," was properly admitted in the evidence. The whole matter was concluded by the statement of the witness: "I turned over to her everything in the world that I had in refernce to that property."

The witness Leach was testifying of a settlement had between the defendant and the plaintiff's agents, husband and father, and concluded with the statement that such agents did not make objection to the correctness of vouchers and accounts. The fact of the canvassing of the vouchers and accounts has been declared by the witness.

[6] There was no error in giving, at defendant's request, written charge 6A, or in the portions of the oral charge to which exceptions were reserved. The care and prudence exacted of such an agent was to be judged by the standard of duty in the premises from a careful and prudent man similarly situated in that locality.

[7] Under the issues of fact as the same were tried, no error was committed in refusing charges dealing with the statute of limitations.

[8, 9] The rule of law was properly observed in giving of the charges and oral instruction to the effect that an agent for the management of property, the making of repairs thereon, and the collection of rent therefor, is not required to exercise a higher or greater degree of care and diligence than a reasonably prudent man would exercise in the management of his own property, similarly situated and conditioned. The fact that the defendant was engaged in the practice

of law did not exact of him in the mere management of real property a higher degree of care and prudence than that required of a real estate agent so acting. And the giving of the oral instructions to this effect:

" 'So you will remember in the outset that in all matters which the evidence shows to you, or from the evidence, you are reasonably satisfied that Mr. Verner acted as an agent in the renting of the property and collection of rents, and the making of repairs, and things of that sort, that he acted as a real estate agent, why, he would be required to do just what the law requires of any other agent of real estate, handling real estate, and in the same kind of matters.' "

" '* * * It was the duty of the agent, then, to use reasonable care and diligence, such care as persons engaged in a like kind of business in this community use in such transactions in the matter of making leases and collecting rents, and giving general attention to the management and control of the property of the plaintiff.' "

" '* * * It is the duty of the agent to use reasonable care and diligence, not only in the selection of the tenants, in procuring tenants, and the best tenants he can, but it is his duty to use reasonable diligence in the collection of rents; and, if a person becomes insolvent, and if he was not responsible in any way, but by continuing that matter until she did become insolvent, and collected what' rents he could out of her, if he did what a reasonably prudent person would have done under the same circumstances, then he would not be responsible for the failure to collect that rent,' "

—to which exception was taken, was free from error. If it was thought by the defendant that the last-quoted instruction required explanation as to the duty of the agent and trustee in reasonably ejecting such insolvent tenant, such instruction should have been requested. However, when the whole of the oral charge is considered with given charges, we find no reversible error.

The judgment of the circuit court is affirmed.

Affirmed.

SOMERVILLE, MILLER, and BOULDIN, JJ., concur.