(114 So. 206)

**STORY et al. v. McWHORTER. (7 Div. 764.)**

Supreme Court of Alabama.   Oct. 20, 1927.

**1. Trespass ⬅20(3)—Possession founded on either good or bad title will support action for trespass as against stranger or wrongdoer.**

Gist of action for trespass to realty is injury to plaintiff's possession, and possession founded on either good or bad title will support the action as against a stranger or wrongdoer.

**2. Trespass ⬅27—Ownership and right to enter on land is defense to action for trespass.**

Where defendant owns realty and has a right to enter upon it, he has a complete defense to an action for trespass thereon.

**3. Adverse possession ⬅112—Defendants had burden of establishing claim of title by adverse possession.**

Burden was upon defendants to establish their claim that they had title to land involved by reason of adverse possession.

**4. Trial ⬅256(1) — Defendants should have requested instructions explaining or amplifying charge, if they desired them.**

It was incumbent upon defendants to request the court to give instructions in explanation or amplification of given charge, if they desired such instructions to be given.

**5. Trespass ⬅67—Whether plaintiff suing for trespass had ownership and possession held for jury.**

Evidence to show that plaintiff, in action for trespass to realty by cutting of timber, had ownership and possession of land *held* sufficient to warrant submission to jury.

**6. Trial ⬅260(1)—Refusing instructions covered by given instructions held not error.**

It was not error for court to refuse instructions where they were covered by given instructions.

**7. Trespass ⬅67—Refusing to direct verdict for defendants in action for trespass unless boundary line run by surveyor was entirely accurate, held not error.**

In action for trespass to realty by cutting of timber thereon, where evidence tended to show that boundary line marked out by certain surveyor was substantially correct and that timber was cut from area covering several acres, refusing to direct verdict for defendant unless line marked out was entirely accurate *held* not error.

Appeal from Circuit Court, Jefferson County; W. W. Haralson, Judge.

Action for trespass to realty by R. L. McWhorter against W. M. Story and others. From a judgment for plaintiff, defendants appealed to the Court of Appeals. The case was transferred to the Supreme Court, under Code 1923, § 7326. Affirmed.

Charge 1, given for plaintiff, is as follows:

"(1) The burden is on the defendant to establish his right to timber in this cause, if his claim is based upon title thereto being acquired by adverse possession."

F. M. Savage, of Center, and E. O. McCord & Son, of Gadsden, for appellants.

Charge 1, given for plaintiff, misplaces the burden of proof. Charge 2 was improperly given. Stockburger Bros. v. Aderholt, 195 Ala. 56, 70 So. 157. Each one of the requested charges should have been given for defendants.

Hugh Reed, of Center, for appellee.

The authority cited by appellants is inapt. The case is ruled by Southern Ry. Co. v. Hayes, 183 Ala. 465, 62 So. 874; Gowan v. Wisconsin-Ala. Lbr. Co., 215 Ala. 231, 110 So. 31.

GARDNER, J. Appellee sued appellants in count 1 for the statutory penalty for cutting trees, and in other counts for trespass to realty, and in trover for conversion of cer-

tain timber. Counts 3 and 5 were to recover damages for trespass, and the verdict of the jury was in favor of the plaintiff as to these two counts—thus eliminating the other counts from consideration here.

Appellants lay much stress upon the fact that plaintiff offered no muniments of title in evidence, and that; therefore, ownership of the legal title was not shown, citing Stockburger Bros. v. Aderholt, 195 Ala. 56, 70 So. 157. Count 3 in that case sought recovery of the statutory penalty for cutting trees, and our decisions are to the effect that only the owner of the freehold may maintain such action. The count in the instant case upon which recovery of the statutory penalty was sought has been eliminated by the verdict of the jury, and the above-cited authority is without application.

However, the testimony of the plaintiff tends to show possession and ownership of the strip of land from which the timber was cut. According to his evidence the timber cut was on the south half of the southwest quarter (testifying from a map or diagram of the lands), and plaintiff testified without objection that this was his land. In any event, therefore, there was some evidence of legal ownership of the land. Gowan v. Wis.-Ala. Lbr. Co., 215 Ala. 231, 110 So. 31.

[1, 2] In actions of trespass to realty as here involved (counts 3 and 5) the gist of the action is the injury to plaintiff's possession, and possession, whether founded on a good or bad title, will support the action against a stranger or wrongdoer. Southern Rwy. Co. v. Hayes, 183 Ala. 465, 62 So. 874. That the defendant owned the land and had a right to enter is a complete defense to actions of this character. Lacey v. Morris, 215 Ala. 302, 110 So. 379. It appears the land of plaintiff and defendant joins, and a disputed boundary line forms the foundation for this controversy.

[3-5] Defendants offered evidence tending to show possession under claim of ownership to a certain line (an old road) for a period of 20 years, and that, therefore, they owned by adverse possession the land upon which the timber was cut. While title thus acquired may constitute a defense to the action, yet, clearly, the burden of establishing such title by adverse possession was upon the defendants. That is the extent of the statement of charge 1, given for the plaintiff, and reversible error cannot be predicated upon this action of the court. If explanation or amplification of the charge was deemed desirable, defendants should have requested instructions to that end. We are of the opinion there was evidence from which the jury could infer both ownership and possession of the land on which the timber was cut, and there was no error in giving for plaintiff charge 2.

It is insisted the affirmative charge should

have been given for defendants because of a failure to show title in plaintiff. What has heretofore been stated in this opinion suffices for our answer to this insistence. The affirmative charge was refused without error.

[6, 7] Assignments of error 9, 10, 11, 12, 13, and 14 relate to the refusal of charges requested by defendants. Without regard to a consideration of the correctness of refused charge 8 (assignment of error 9), the substance of this charge was embraced in charge 4, given for the defendants. The evidence tended to show that the line between the parties was surveyed and marked out by Surveyor Ward, and was substantially correct, and that the timber was cut from an area covering several acres. Assignments 10, 12, and 13 relate to the refusal of charges 9, 10, and 11 requested by defendants. Charges 9 and 11 predicate a verdict for defendants unless this line as run by Ward was entirely accurate and correct, though the jury may find that it was approximately correct, or substantially so. We think there was no error in their refusal.

The substance of refused charge 10 (assignment of error 11) is embraced in charges 5 and 10, given for the defendants, and a consideration of any further reason for this refusal may be pretermitted. Defendants' refused charge 15 (assignment of error 14) was covered by charge 6, given for defendants.

A perusal of the oral charge of the court discloses that the issues for the jury's determination were fully and fairly presented.

We have duly considered each of the assignments of error argued in brief for appellants. We find no reversible error. Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BOULDIN, JJ., concur.