193 So. 187

## GOODRICH SILVERTOWN STORES v. DE KALB MOTOR CO.

### 7 Div. 464.

Court of Appeals of Alabama.

Oct. 3, 1939.

Rehearing Granted Jan. 9, 1940.

Isbell & Beck, of Fort Payne, and Martin, Turner & McWhorter, of Birmingham, for appellant.

C. A. Wolfes, of Fort Payne, for appellee.

SAMFORD, Judge.

As finally tried, the plaintiff claimed for the conversion of four automobile tires; the pleas of the defendant being the general issue.

The plaintiff introduced in evidence retention title contracts entered into between the plaintiff and one John McClure. The tires contracted for by McClure were originally placed upon a Ford Truck; subsequently, McClure traded the Ford Truck with defendant for a G. M. C. Truck, at which time the tires were transferred from the Ford Truck to the G. M. C. Truck, and shortly thereafter the G. M. C. Truck, together with the tires, was repossessed by the defendant and such tires as were on the G. M. C. Truck at the time it was repossessed remained in the possession and under the control of defendant in such sort as to constitute a conversion as against the plaintiff's title, if, in deed and in fact, the tires on the G. M. C. Truck were the tires sold by the plaintiff to McClure and to which the plaintiff retained the title. The evidence for the plaintiff tended to prove the above facts.

Per contra, the defendant introduced evidence tending to prove that the tires on the G. M. C. Truck, at the time it was repossessed by the defendant from McClure, were not in deed and in fact the tires covered by the retention title contracts held by plaintiff. The description of the tires at the time of the repossession of the truck as given by McClure, testifying as a witness for plaintiff, and several witnesses testifying on behalf of the defendant, was entirely different and, therefore, the question of identity became one of fact for the jury.

It, therefore, follows that Charge "A" as requested by the plaintiff was properly refused.

It is stated by appellant in his brief that "On or about July 22, 1937, defendant took possession of and sold, or otherwise disposed of, four automobile tires belonging to the plaintiff." It was admitted that the defendant when it repossessed the G. M. C. Truck received the tires then on that truck, but as to whether these were the same tires to which plaintiff claimed title was one of the crucial points in the case, and there was testimony as to facts from which the jury might infer that they were not the same tires.

■ Charge "C" refused to the defendant is involved and confusing. For instance, the Charge says: "Both of these machines were sold to one John McClure and that the automobile tires, for which plaintiff has sued, were on both of these trucks at one time." This would be an impossible condition. The charge is otherwise misleading.

Charge "B" refused to the plaintiff was as follows: "I charge you, gentlemen of the jury, if you are reasonably satisfied from the testimony in this case that the plaintiff had a mortgage on the tires described in the plaintiff's complaint and that the automobile tires were placed on a truck which the defendant sold one John McClure and that these tires stayed on this truck and said truck was taken by the defendant and sold and the tires were still on said truck, you should find the issues in favor of the plaintiff."

Under Section 9509 of the Code of 1923, the plaintiff has a right to move for charges in writing, which must be given or refused in the terms in which written, and when such charges are not abstract and state correct principles of law based upon the evidence in the case, the court should give them as written and a refusal to give such charges will be error, unless the same rule of law has been substantially and fairly given to the jury in the court's general charge or charges given at the request of the parties; and, where parties litigant desire instructions to the jury to be made more definite or specific than has been set out in the oral charge of the court, they should request a proper charge. Alabama G. S. R. Co. v. Burgess, 119 Ala. 555, 25 So. 251, 72 Am.St.Rep. 943; Birmingham Railway Light & Power Co. v. Clark, 148 Ala. 673, 41 So. 829.

Refused Charge "B" states correct and applicable principles of law as applied to the facts in this case. Where this is the case such charge should be given and its refusal is error. Mosely v. Verner, 215 Ala. 420, 110 So. 895; Story v. McWhorter, 216 Ala. 604, 114 So. 206.

■ Where a party litigant is of the opinion that the general charge of the court is not clear and explicit, as applied to the evidence supporting his contention, it becomes his duty to request, in writing, a charge clearly setting forth his contention. City of Ozark v. Byrd, 225 Ala. 332, 143 So. 168; Mobile & O. R. Co. v. Williams, 226 Ala. 541, 147 So. 819.

It is true, in the oral charge of the court the Judge instructed the jury: "The questions of facts is (are) if the tires that came back were the tires of the plaintiff, did they have any value. That is the question for you to decide. The question of facts is the question that comes to you and the weight of the testimony as to the identity and value of the tires is the question you have to decide." While in a general way, and inferentially, the principles of law governing the case may be covered in the above quotation from the court's oral charge, we do not think that the court's oral charge meets the requirements of the Statute, Code of 1923, Section 9509, which provides, that the refusal of a charge, though a correct statement of the law, shall not be cause for a reversal on appeal, if it appears that the same rule of law has been substantially and fairly given to the jury in the court's oral charge or in charges given at the request of the parties.

The foregoing reasoning is also applicable to plaintiff's refused Charge "D", and for the same reasons Charge "D" should have been given. St. Louis & St. F. R. Co. v. Georgia F. & A. R. Co., 213 Ala. 108, 104 So. 33.

It is insisted by appellee that the only issue tried in the case was as to the value of the tires but, as we have seen, this is not an accurate statement of the facts in the case. The two issues submitted to the jury were as to the ownership of the tires and as to their value. As to the question of the value of the tires, the evidence was in conflict; that for the plaintiff fixing the value at from one hundred and fifty to one hundred and sixty dollars, and that for the defendant fixing the value at nothing. This being the case, the decision in Blackburn v. Alabama G. S. R. Co., 143 Ala. 346, 39 So. 345, 5 Ann.Cas. 223, is not in point.

134

The evidence offered on the motion for a new trial was cumulative and, therefore, the trial court was justified in overruling the motion on the ground of newly discovered evidence.

For the errors pointed out, the judgment is reversed and the cause is remanded.

Reversed and remanded.

On Rehearing.

It is urged on application for rehearing that charges "B" and "D" were probably refused for the reason that they used the word "mortgage" instead of "retention title contract". In passing upon these charges originally, the Court failed to draw the distinction between "retention title contract" and "mortgage".

The undisputed evidence is that the written contract, introduced in evidence and the basis of plaintiff''s title, is not a mortgage but is a retention title contract. That being the case, the court cannot be put in error for refusing charges "B" and "D". Carter v. Gaines, 204 Ala. 640, 87 So. 109.

The judgment of reversal is set aside. Rehearing is granted.

The judgment is affirmed.