(123 So. 27)
### COOKE v. EMBRY. (7 Div. 863.)
Supreme Court of Alabama. May 23, 1929.

Rehearing Denied June 27, 1929.

M. M. Smith, of Pell City, and Rudulph & Smith, of Birmingham, for appellant.

Thos. J. Judge, of Birmingham, for appellee.

SAYRE, J. Action in assumpsit by appellee against appellant. The Bankhead highway was being located across the lower end of Saint Clair county in the neighborhood of Cook's Springs. Appellant owned the springs and landed property adjacent thereto. The location of the highway was a matter of interest and, as he conceived, financial concern

for him. It had once been located by a survey which ran through his springs property and some of his trees had been felled to make a way for it. But then a new location was made a mile or more to the north, with rough country—a small mountain—intervening. Appellant desired that the highway commission would order that the highway be relocated along or near the route first selected—plaintiff testified that the general notion was to move the road from the north to the south side of the railroad—and employed appellee, a practising attorney, to put his case before the commission. According to the appellee and his witness Lewis, who kept a store south of the railroad, the parties had no personal communication. The employment was arranged by Lewis and in pursuance of his suggestion to appellant. If appellant expected appellee to employ any questionable means in order to bring about a change of location, or a return to the vicinity of the first location, there was nothing said or done affirmatively to disclose such understanding or purpose on either hand. That was a matter, to state it with possibly too great favor to appellant, resting in inference to be drawn from the evidence as a whole and by the jury alone, and so, as well as we can read the dimly written transcript, the trial judge left it to be determined. There is no need to restate at length the law of the case. That law has been twice reviewed in our recent cases of Bush v. Russell, 180 Ala. 590, 61 So. 373, and Anderson v. Blair, 202 Ala. 209, 80 So. 31. Many cases on the same subject are cited under the text of 13 C. J. p. 433, which has been consulted. Having in mind the language and substance of those cases, we state our conception of the case in hand as follows: There was no contract for the performance of any act illegal per se, or that appellee should do anything of a corrupting tendency, or which by its terms or by necessary implication contemplated a resort to improper means, or anything other than an appeal to the reason of the highway commission, whose action was sought, or to obtain its action as a personal favor rather than as a matter of right and public justice. It was as much a matter of public policy that all considerations properly affecting the location of the road be heard and weighed as that no improper approaches be allowed. If the contract between the parties contemplated any action contrary to public policy or offensive to public morality, that purpose must needs be discovered behind a veil of words which on their face were innocent enough and the discovery must have been left to the jury as the court left it. Certainly the court cannot say upon the record that anything improper was said or done in reaching the agreement between the parties. The jury found no sinister purpose nor any improper practice and we are unable to say as matter of law or preponderating tendency of the evidence that the jury were in error.

There was no error in allowing plaintiff to show the situation of defendant's property at Cook's Springs. The facts as to that served a lawful purpose as going to show that defendant had a legitimate interest in the employment of plaintiff to represent him before the highway commission.

There was no error in the ruling by which the court refused to allow defendant to ask the witness Lewis what was in his mind when he talked to Cooke about the location of the road. By numerous decisions it has been ruled that a witness may not testify to his uncommunicated opinions, beliefs, purposes, or interests. That is the law of this state. Alabama Power Co. v. Edwards, ante, p. 162, 121 So. 543.

What the witness Lewis afterwards said to M. M. Smith—Smith was an engineer in the employment of the highway commission—as to what was in the mind of defendant was of no materiality in the absence of a showing that plaintiff or defendant had authorized such statement. Nor was it shown that the statement would have been material in any event. There was no error.

Assignment of error 9. There was no error in allowing the plaintiff to show when the amount in controversy, or a part of it, fell due. The due date affected interest to be assessed in the event of a finding for plaintiff.

What public office plaintiff held, so long as it did not disqualify him to act as an attorney or to appear in that capacity before the highway commission, was a matter of no consequence. Defendant made no suggestion that plaintiff was disqualified in either respect.

Whether defendant objected to the final location of the road, or whether some of his land was more valuable than some other, or whether defendant owned practically all the land south of the road as located, were matters immaterial as tending to disprove plaintiff's case, for which purpose we presume defendant asked for them. The questions at issue were: Was plaintiff employed? What was he employed to do? Was he employed at an agreed price, as plaintiff contended? Was his employment immoral or otherwise contrary to public policy?

The general charge requested by defendant was refused without error. The evidence was in conflict, to say the least of plaintiff's case. Defendant contends that plaintiff, if employed at all, was employed to have the survey for the road restored to its first location precisely. The evidence for plaintiff tended to show that he was employed to have the second survey changed from the north to the south side of the railroad, which ran east and west near the springs, but to no particular place—though it is clear enough that defendant desired to have the highway in close proximity to the springs—and that it could not be located exactly in the first place because the engineers for the federal govern-

ment had vetoed that location, and that it was finally located south of the railroad and within 300 yards of the springs. The issues thus presented were properly and necessarily for jury decision, and the general charge, requested in several shapes, was refused without error.

There was no evidence of any suppression of fact by plaintiff in his communication with the highway commission, or its engineers. The evidence went to show without dispute that plaintiff appeared at a public hearing before the commission; that he discussed the matter of a new location with the engineers in their offices, with the engineer in charge of location on the ground, and upon one occasion with the chairman of the commission in his room at the Exchange Hotel, in Montgomery. So far as appears in the evidence, there was nothing said or done to indicate that appellee had any personal interest other than to serve his employer and earn his fee. To that interest he had a right, and the only disputed question was whether he had resorted to improper or unlawful means in order to secure the end desired. We conceive of no controlling reason why he should have been required to state specifically that he represented defendant for a compensation. That he represented private interests there was no occasion to doubt and that he expected to be compensated for his services was a matter between himself and his client so long as there was nothing to indicate a desire for a location of the highway for the sole interest of his client and to the public detriment. Charge C, requested by defendant, was refused without error.

Charge B was misleading in that it ignored the evidence of plaintiff's public and unconcealed efforts to have the highway located in agreement with defendant's desires. It assumes that every private interview with public officials is a corrupt interview.

There was no evidence tending to show that plaintiff and defendant agreed expressly or by implication that plaintiff should employ improper means to secure the location of the highway and the intimation or innuendo to the contrary in charge A justified its refusal. So of the charge marked X.

Parties in interest have a right to use proper means to "control" the conduct of the agencies of government. Charge 8, refused to defendant, would deny the right to present a case in a proper way to such agencies, and was for that reason well refused.

Charge 7 was properly refused. If private and public interests alike require the location of a highway along a certain route, there can be nothing unlawful in a contract to procure that location by proper means.

Charge 6 was misleading. It assumes all personal solicitation to be improper and ignores the evidence tending to show a proper presentation to the commission and its engineers of the merits of the location desired by defendant and advocated by plaintiff. So of charge 5, which would have deprived plaintiff and defendant of an opportunity to influence the judgment of the commission, or its engineers, by proper and lawful means. So of charge 3.

The court knows as matter of law that it was not the necessary intendment of the contract between the parties as disclosed by the evidence that plaintiff should use personal influence and solicitation among the members of the highway department and its engineers. Moreover, as we have already said in substance, if the charge was intended to assert that every possible personal influence and solicitation is improper and unlawful, its proposition cannot be maintained. Bush v. Russell, supra. Its terms needed some qualification.

We do not find that the court erred in overruling defendant's motion for a new trial. The salient feature of the evidence in support of the motion was a statement by one of the proposed new witnesses going to impeach plaintiff's witness Lewis, who, as agent for defendant, had negotiated the contract with plaintiff for the latter's services in procuring a relocation of the highway, as we have before said. Such evidence is received and weighed with great caution (Jones v. Tucker, 132 Ala. 307, 31 So. 21), and, unless the case is so gross as to make it probable that the verdict was obtained by perjury, a new trial will not be granted on evidence going to the impeachment of a witness (1 Graham & Waterman on New Trials [2d Ed.] star page 221). Unless there was a palpable failure of evidence to support the finding of the jury, the action of the trial court in upholding the verdict will not be deemed erroneous. Cobb v. Malone, 92 Ala. 630, 9 So. 738. We are unable on this record to affirm with any confidence that the trial court erred in overruling the motion.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.