(124 So. 88)

## SOUTHERN RY. CO. v. EAKS. (8 Div. 78.)

Supreme Court of Alabama.    Oct. 10, 1929.

Cooper & Cooper, of Huntsville, for appellant.

Walter J. Price, of Huntsville, for appellee.

ANDERSON, C. J.    ■ The plaintiff's evidence showed that he was injured as a result of being violently ejected or forced by one of defendant's servants from one of its trains,

and the jury could infer that said servant was acting within the line or scope of his authority. True, he may have had no express or implied authority to knock intruders or trespassers off with a club or stick, but if he had authority to eject or remove them, the mere fact that he did so with excessive force and violence would not render the act beyond the scope of employment so as to relieve the master from responsibility: Southern Railway Co. v. Wildman, 119 Ala. 565, 24 So. 764; Williams v. Hendricks, 115 Ala. 277, 22 So. 439, 41 L. R. A. 650, 67 Am. St. Rep. 32.

The cases cited by appellant's counsel assert no legal principle contrary to the cases here cited or to the present holding and are clearly different as to the facts from the case at bar. The trial court did not err in refusing the general charge requested by the defendant.

The only other insistence of error was the refusal of the trial court to grant the motion for a new trial because the verdict was contrary to the evidence. The plaintiff's evidence made out a plain case, and while it was contradicted by the negative evidence of several of defendant's servants, as well as certain inferences and circumstances, the jury and trial judge saw and heard the witnesses, and we cannot say that the verdict of the jury was so contrary to the great weight of the evidence as to warrant this court in disturbing the verdict. Cobb v. Malone, 92 Ala. 630, 9 So. 738.

The judgment of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.