143 So. 168

### CITY OF OZARK v. BYRD.

#### 4 Div. 659.

Supreme Court of Alabama.

June 25, 1932.

Chas. O. Stokes and Sollie & Sollie, all of Ozark, for appellant.

334

Jos. E. Acker, of Ozark, for appellee.

**KNIGHT, J.**

The city of Ozark, under the municipal public improvement statutes authorizing municipalities of this state to improve its streets and to levy the cost thereof against the abutting property owners made certain improvements upon Eufaula street of said city. The appellee's property abutted upon that street. After making the improvements, which consisted of the contruction of "storm drains, concrete sidewalks, concrete curbs and gutters and brick street paving on concrete base," the appellant undertook to levy the cost of the same, within constitutional limitations, upon the abutting property. The city of Ozark, acting through its duly constituted authorities, levied an assessment against the property of this appellee in the sum of $684.08. From this assessment the appellee appealed to the circuit court, under the provisions of sections 2204 and 2205 of the Code (as amended by Acts 1927, p. 767). The only question litigated upon the appeal was the increase in value, if any, of appellee's property by reason of the special benefits derived from the improvements, and whether or not the assessment exceeded such increased value.

The jury rendered a verdict in favor of the defendant upon the issue, and judgment was entered accordingly.

But few errors are assigned upon the record. The evidence was in sharp conflict, and we cannot affirm that the trial court committed reversible error in overruling the appellant's motion for a new trial. While it is scarcely conceivable that residential property, located as appellee's property is, was not enhanced in value by reason of the special benefits derived from the construction of the paved road, storm sewers, concrete sidewalk, curbs, and gutters, yet the enhancement vel non was a question, in this case, to be determined by the jury, and their verdict should not be disturbed unless palpably wrong; and the decision of the trial court, refusing to grant a new trial on the ground that the verdict was contrary to the evidence, will not be reversed, unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust. Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738; Southern Ry. Co. v. Eaks, 220 Ala. 49, 124 So. 88; Cooke v. Embry, 219 Ala. 623, 123 So. 27.

It is insisted by appellant that the court committed reversible error in charging the jury in the terms of appellee's given instructions (which we have numbered for convenience 1, 2, 3, and 4). While given charges 1, 3, and 4 use the term of "special benefit to the owner," and for that reason were possibly misleading, and might have been refused without error, yet the case will not be reversed for that defect; the charges being otherwise unobjectionable. If the appellant conceived that they had a tendency to mislead, explanatory charges should have been requested. Harris v. Basden, 162 Ala. 367, 50 So. 321.

Section 223 of the Constitution provides: "No city, town, or other municipality shall make any assessment for the cost of sidewalks or street paving, or for the cost of the construction of any sewers against property abutting on such streets or sidewalk so paved, or drained by such sewers, in excess of the increased value of such property *by reason of the special benefits derived from such improvements.*" (Italics supplied.)

In the case of Ex parte Hill (In re City of Tuscaloosa v. Hill), 194 Ala. 559, 69 So. 598, 599, which is one of our leading and best considered cases on the questions now before the court, it is said: "It will be noted that to hold that the assessment can be based upon a general benefit to the property or upon the *enhancement of the value of the same resulting from general benefits, as distinguished* from an enhancement of the value by reason of special benefits derived from such improvement, would render meaningless the above italicized words, and the section would be construed as if they were not included. Special benefits were inserted for some pur-

pose, and it is evident that the assessment cannot be predicated upon a general enhancement of the value of the property, the difference in the market value before and after the improvement, regardless of a special benefit to the owner resulting from said improvement and which increased the value of the property. This holding not only gives force and effect to the plain and unambiguous language of section 223 of the Constitution, but is in conformity with the leading authorities and text-writers on the subject of special assessments. Dillon on Municipal Corporations, vol. 4, page 2553; Page & Jones on Assessments, vol. 2, §§ 654 to 702; McQuillen on Municipal Ordinances, § 522."

And in the case of Hamrick v. Town of Albertville, 219 Ala. 465, 122 So. 448, the right of municipalities to levy and collect special assessments against property abutting on streets improved under constitutional and statutory authority was again considered by this court, with reference to the meaning of "increased value" as employed in section 223 of the Constitution. And it is there held that "increased value" of *such property* by reason of the special benefits derived from such improvements, as declared in the quoted section of the Constitution, means the superadded special value expressed in dollars and cents by reason of the special benefits derived from such improvements as affecting the abutting property on such street or sidewalk so paved, or drained by such sewers. This holding carries out the intention of the framers of our organic law, and seems to be supported by text-writers, as well as by adjudications of courts of other states. It therefore follows that the trial court committed no error in giving appellee's requested written charges, though, as heretofore pointed out, charges 3 and 4 might have been refused as having a tendency to mislead.

In the case of Stovall v. City of Jasper, 215 Ala. 300, 110 So. 317, 319, Mr. Justice Sayre, writing for the court, said:

" 'In order to justify a local assessment, the improvement must not only be public in its nature, but must confer an especial and local benefit upon the property which is to be assessed therefor.'

"Such is the plain effect of the Constitution and such is the generally accepted law of the subject. Cases to that effect are cited in the footnote to section 284 of 1 Page and Jones on Taxation by Assessment. Perhaps no better definition of special benefits can be formulated than the simple one that benefits are special, when they presently increase the value of the land sought to be condemned to a public use."

Whatever gives an additional value to the particular parcel of land is declared in Lipes v. Hand, 104 Ind. 503, 507, 1 N. E. 871, 4 N. E. 160, to be a special and not a general benefit,

and it may be a special benefit, although not an immediate one.

No doubt, had the appellant requested the trial court, after it had given charges 3 and 4, at the request of appellee, to define the term "special benefits," it would have done so, and this would have counteracted any tendency of the charges to mislead the jury.

■ The court, over the timely objection of the appellant, allowed the appellee to propound the following questions to the witness, T. C. Godwin, city clerk of the city of Ozark:

"Was [sic. were] there any witnesses brought before the mayor and board of aldermen to show that the value of this property was when they rendered that judgment?" and

"You don't recall that there were any witnesses brought before the mayor and the board of aldermen as to whether there was any increase in the value of the property or not, and so far as you know then it was assessed by the mayor and the board of aldermen without any witnesses testifying to the value of it, wasn't it?"

To the first question, the witness answered, "I don't recall that there was." And to the last question, the witness answered, "I don't recall that they did."

Waiving aside, as immaterial, the grammatical construction of the two questions, the questions should not have been allowed, and the court committed reversible error in overruling appellant's objections to said questions. The questions called for illegal, immaterial, and incompetent testimony. The evidence was admissible for no purposes of the case, as presented on the appeal to the circuit court. Stovall v. City of Jasper, 218 Ala. 282, 118 So. 467; vol. 2 Page and Jones on Taxation by Assessment, § 992; 28 Cyc. p. 1149, page 1142, note 25; Chicago v. Nodeck, 202 Ill. 257, 274, 67 N. E. 39; Watkins v. Milwaukee, 52 Wis. 98, 8 N. W. 823.

■ The court committed error in overruling appellant's objection to the following question propounded by appellee to the witness Hill: "Is it any more benefit to Mr. Byrd there than to the general public?" This question undoubtedly called for an opinion and conclusion of the witness. The objection should have been sustained. City of Huntsville v. Pulley, 187 Ala. 367, 65 So. 405; Town of Eutaw v. Botnick, 150 Ala. 429, 43 So. 739; Sloss-Sheffield Steel & Iron Co. v. Mitchell, 181 Ala. 576, 61 So. 934.

■ If the plaintiff (appellant) had confined his question to eliciting from the witness Robert Holman the fact that he was one of the protestants, the question would no doubt have been allowed. It is competent in proceedings like the present, to show the bias, prejudice, or interest of witnesses. Hamrick

v. Albertville, 219 Ala. 471, 122 So. 448. However, the vice of the question lay in the fact that it sought to show that others, whose names were not disclosed, were protesting. This fact was admissible for no purpose. The nine others, so far as shown by the record, were not called to testify in the case. Had they been called to testify, then it would have been competent to show that they were protesting the assessments. Nor was there any error in sustaining defendant's objection to the following question propounded to the witness Holman: "Dr. Holman, out of two hundred and seven whose property was paved. only about ten appear here on appeal isn't that correct?" Whether fifty or only one took an appeal was wholly immaterial to any issue in the cause. The court properly sustained the objection to the question.

We have carefully reviewed the entire record in this case, and the only errors which call for a reversal of the judgment are set out above. We find no other reversible errors in the record.

For the errors pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.