### MATTHEWS v. ALABAMA GREAT SOUTHERN R. CO.

6 Div. 353.

Supreme Court of Alabama.

Oct. 5, 1933.

Rehearing Denied Nov. 2, 1933.

Drennen & Perrine, of Birmingham, for appellant.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellee.

FOSTER, Justice.

The principles of law which mainly control this case are stated in Southern Rwy. Co. v. Eaks, 220 Ala. 49, 124 So. 88.

The chief question presented in this case is whether the evidence was sufficient to justify a finding that plaintiff was injured by being forced off one of defendant's moving trains by a servant of defendant. Plaintiff was admittedly a trespasser riding on a freight train without any claim of right.

At the conclusion of plaintiff's testimony the court gave for defendant the affirmative charge. The question is the effect of the testimony introduced by plaintiff. That given by plaintiff himself was that a man, dressed in a blue suit and a gray hat, got out of the engine, and started shooting at plaintiff, causing him to fall off the train and receive injuries. Another witness testified that he heard a shot and then he saw a man coming down off the side of a box car, swinging off it, and he shot again when he was on the ground, and that he caught the train back there. This witness gave no description of the man, nor of his clothing. Neither of them testified, nor did any one, of any act or circumstance tending to show that he was performing any duties on or about the movement of the train or the business of defendant. His blue suit and gray hat, and that he got off the engine or a box car, or that he caught the train back there, are not sufficient to justify an inference that he was an employee of defendant, though he may have shot at plaintiff.

Plaintiff was violating a criminal statute of the state (section 5363, Code), and was in an incorporated city, where it is usual to provide policemen to enforce the criminal laws of the city and state. The act of the man in blue suit and gray hat might as well have been that of a city or county officer as a railroad employee. There must be some circumstance from which it may be found that he was such employee rather than an officer not so employed to justify a finding to that effect. Such was the situation in Southern Rwy. Co. v. Eaks, supra, and in Yazoo & M. V. R. Co. v. Cornelius, 131 Miss. 37, 95 So. 90, relied on by appellant.

To a trespasser in its trains, a carrier is liable only for wanton or willful injury, including a failure to exercise due care to avert injury after the danger is apparent. Lawrence v. Kaul Lumber Co., 171 Ala. 300, 55 So. 111; McCauley v. Tenn. Coal, Iron & R. R. Co., 93 Ala. 356, 9 So. 611; Crider v. Yolande C. & C. Co., 206 Ala. 71, 89 So. 285.

If count 2 is to be treated as a simple negligence count, it does not show a duty to that effect, since it does not show that plaintiff was not a trespasser. If the count is intended and sufficient to charge a failure to exercise due care to avert injury after the danger is apparent, or if it is sufficient to show wantonness, the right of plaintiff in this respect is fully covered by counts 1 and 3, and no injury resulted in view of the evidence, which shows a wanton or willful injury, if any wrong at all was done. In any aspect of the case, there was no reversible error in sustaining demurrer to count 2.

No such error elsewhere appearing, the judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.