150 So. 493

## ALAGA COACH LINE, Inc., v. FOY.

4 Div. 723.

Supreme Court of Alabama.

Oct. 12, 1933.

Rehearing Denied Nov. 9, 1933.

Chauncey Sparks, of Eufaula, for appellant.

McDowell & McDowell, of Eufaula, for appellee.

KNIGHT, Justice.

From a judgment in favor of the plaintiff in the court below, the present appeal is prosecuted by the defendant, Alaga Coach Line, Inc. The appellant presents for our consideration certain rulings on the pleadings, evidence, and the refusal of a number of written charges requested by it on the trial.

It is first insisted that the court below committed error, to a reversal, in overruling the defendant's demurrer to the complaint. As originally filed, the complaint consisted of four counts; the first two counting upon sim-

.ple negligence, and the others for a wanton wrong. However, the last two counts, before the jury retired, were withdrawn by the plaintiff, and the jury was so instructed by the court.

From the complaint, it is made to appear that the plaintiff owned a certain particularly described truck, which was used at the time for delivery purposes, in his bakery business, and that the defendant also owned and operated a motorbus, which, at the time a collision occurred between the plaintiff's truck and the defendant's said bus, was being used in the transportation of passengers from Dothan, Ala., to the Alabama state line, in Russell county, Ala. The two automobiles were being operated, at the time of the collision, by the agents of the respective parties, along the Eufaula and Abbeville public highway, at a point about seven miles south of Eufaula, and at or near what is known as White Oak Church. The two cars were traveling in opposite directions; the plaintiff's car was proceeding south, while the defendant's bus was going north. As to the collision, the first count contained the averment: "Plaintiff avers that the defendant acting by and through its agent, within the purview and scope of his authority as such agent, and said agent with authority to bind defendant therein and thereabout, negligently ran said defendant's bus into plaintiff's truck, which was driven by plaintiff's agent, and upon which he was riding, causing the truck of the plaintiff to be knocked into the ditch on the west side of the road, hitting the truck, which was going south just over the left front wheel, demolishing the engine, and generally destroying plaintiff's truck for use as a delivery truck, and causing the truck of the plaintiff to be forced against the bank on the west side of the road, and as a proximate result of defendant's negligence, acting by and through his agent as aforesaid, within the purview and scope of said agent's authority to bind the defendant therein and thereabout, plaintiff was injured by having his truck destroyed for use," etc.

The second count contains the same identical averment, except, in lieu of the words, "negligently ran said defendant's bus into the plaintiff's truck," it is averred, that the defendant's said agent "negligently permitted defendant's said bus or motor car to run into plaintiff's truck."

It is insisted by the appellant that two distinct and independent causes of action are joined in each of counts 1 and 2, and therefore, as against defendant's demurrer, the counts were bad. The particular insistence is that, by reason of the peculiar wording of the counts, they set up two causes of action, and stating the insistence in the language of appellant's counsel, "one based on the negligence of the defendant and the other based upon the negligence of the agent of the defendant." As we view the counts, the contention of appellant cannot be sustained. Whatever negligence is charged in the counts is directly based upon the negligence of the defendant's agent. The added averment in the counts, "and said agent with authority to bind defendant therein and thereabout," following the preceding averment, "that defendant acting by and through its agent, within the purview and scope of his authority as such agent," was wholly unnecessary. However, the pleader in this further averment had it evidently in mind to leave no room for doubt that the agent of the defendant who ran said bus into the truck of plaintiff was a duly authorized agent to operate the same at the time of the collision, and thereby to render the defendant liable therefor.

The counts, under our rules of pleading, were sufficient and not subject to any grounds of demurrer assigned thereto, though, we may add, that each proceeds with more elaboration and particularity of averment than is exacted to meet the requirements of good pleading.

Assignments of error 12 and 13 involve the propriety of the court's action in permitting the plaintiff to propound the following question to his witness McCarroll, the driver of plaintiff's truck: "Well, did the blow at that time knock it over into the ditch?" The plaintiff was here referring to his truck, which figured in the collision. It is insisted that this question called for a conclusion of the witness, and not the statement of a fact. The bill of exceptions recites on this point: The court overrules an objection by the defendant to the above question, whereupon the defendant duly reserves an exception to the ruling of the court. There was a motion to exclude the answer of the witness, which answer was, "Yes, sir, against the bank," but it is not disclosed upon what ground the motion was predicated.

The only objection, which we would be authorized to assume was made, was a general one, and this would not cover the øbjection that the question called for a conclusion of the witness. Even if it be conceded that the question called for a conclusion of the witness and not the statement of a fact, the trial court would not be put in error for overruling the defendant's undefined objection. Bates v. Morris, 101 Ala. 282, 13 So. 138; Wallis v. Rhea, 10 Ala. 453; Sanders v. Knox, 57 Ala. 81; Larkin v. Baty, 111 Ala. 303, 18 So. 666; Rule of Practice 33. However, we are fully of the opinion that the question called for a statement of fact, and not the conclusion of the witness, and the court was fully justified in the ruling made. Schrimsher v. Carroll, 225 Ala. 188, 142 So. 547.

Again, it is insisted that the trial court committed error to a reversal in overruling defendant's objection to the following ques-

tion propounded by the plaintiff to his witness Roberts: "I'll ask you, Mr. Roberts, whether or not you traced the tracks of the Foy or McCarroll truck back down the hill north to see where it was traveling in the road?" The record fails to show that defendant reserved an exception to any ruling the court may have made with respect to said question, and therefore appellant can take nothing by this assignment of error.

■ Objection was made by the defendant, and an exception was duly reserved, to the following question propounded by the plaintiff to his witness Walker: "Well did they lead up to the crest of that hill there where the Foy truck was knocked into the ditch?" The grounds of objection assigned were: "1. Said question was irrelevant, incompetent, inadmissible and immaterial. 2. Said question calls for a conclusion of facts. 3. Said question asks for an opinion of the witness." The answer of the witness was: "They did."

Prior to the time this question was asked, the witness had testified without objection that he went to the scene of the accident within a few minutes after it happened, that he "got out and looked the wreck over and examined the track about thirty or forty yards back down the road; the McCarroll truck came up on the right hand side of the road, and as near as I could tell, straight. The McCarroll truck, when I reached there, was on the right hand side of the road, just turned right around there and the right front wheels sitting crushed up in the bank. The best I can state the motor was just torn all to pieces, the transmission and the cab and the glass, and the right front wheel was crushed. * * * The truck was sitting at an angle in the ditch. I saw some tracks there. I traced those tracks from the Foy (McCarroll) truck back down the road, that is, north, towards Eufaula. They lead for about thirty or forty yards from the Foy truck back down that road. They were about from three to four feet on the right from the center of the road. I imagine the road there at that point is around thirty feet wide. I observed some tracks coming north. They were on the left hand side of the road."

It will be observed that the witness did not undertake to say that the tracks coming north were made by the defendant's bus, but simply to say that he saw tracks which led to the crest of the hill where the Foy truck was knocked into the ditch. Had the defendant made his objection to cover that part of the question which assumed that the Foy truck was knocked into the ditch, we are not prepared to say that the objection should not have been sustained. We hold that reversible error was not committed in overruling defendant's stated grounds of objection, in permitting the witness to answer the question.

■■ No error was committed by the court in sustaining plaintiff's objection to the following question propounded to the witness Hicks by the defendant: "At that time you blew your horn and swerved to the left to go around McCarroll, if McCarroll had remained where he was would you have struck him?" This question called for a conclusion and an opinion of the witness. Furthermore, the witness immediately thereafter stated the facts in this regard as follows: "There was plenty of room between McCarroll's truck, where it was at the time I blew my horn, and the other side of the ditch for my car, the bus being driven by me, to have passed McCarroll's truck without striking him, if he hadn't moved. I would say there was something like twenty feet, in my judgment, between the McCarroll car and the west side of the road." Thus, under no possible theory of the case could the action of the court in sustaining plaintiff's objection to said question have resulted in injury to defendant.

■ The defendant's witness and driver of his bus testified that he spoke to McCarroll, plaintiff's driver, immediately after the wreck, and, at that point in his testimony, the defendant asked the witness Hicks, who was defendant's driver, the following question: "What did you say to him, if anything, about him being on the left-hand side of the road? Upon what theory the defendant deemed such a question competent we fail to grasp. The question called for incompetent testimony, and the court sustained the objection without error. The question called for nothing short of a self-serving declaration or statement. Holmes v. State, 136 Ala. 80, 34 So. 180. Nor would anything that the said agent of plaintiff might have said in response to the question have been competent testimony against the plaintiff. Memphis & Charleston R. Co. v. Womack, Adm'x, 84 Ala. 149, 4 So. 618; Alabama Great So. R. R. Co. v. Hawk, 72 Ala. 112, 47 Am. Rep. 403; Tanner v. L. & N. R. R. Co., 60 Ala. 621.

■ The court should not have allowed the plaintiff to propound the following question to the witness Hicks, defendant's driver: "How long did you operate after the accident?" The question called for immaterial, irrelevant, and incompetent testimony. Evidently the plaintiff's purpose was to show the driver of the car had been discharged. However, the witness had previously testified that he continued to make trips for the defendant from Dothan to Columbus, the route over which he previously operated the bus for them, but not with that bus. The evidence, without dispute, showed that the particular bus had been disabled by the collision and was not in condition to be run. In answer to the above objected to question, the witness stated: "I didn't operate it any more. I operated another bus belonging to the same company." We do not see that the error in permitting the above question injuriously affected defendant's case, and, for that reason, we hold the

error was without injury, and, under rule 45, we will not reverse the case for this error.

█ The evidence in the case bearing upon the question of defendant's negligence was in sharp conflict. In fact the evidence presented a jury question on all the issues submitted, and therefore the defendant was not entitled to have the jury instructed in the terms of any of its refused peremptory instructions. The general affirmative charge in behalf of any party should not be given when the evidence is such that an inference unfavorable to the party requesting it may be drawn by the jury. There was evidence in this case of a substantial nature tending to prove every material averment of the complaint and tending to disprove defendant's plea of contributory negligence, and hence the general charge in favor of defendant was properly refused. J. C. Byram & Co. v. Livingston, 225 Ala. 442, 143 So. 461; McMillan v. Aiken, 205 Ala. 35, 88 So. 135; Southern Bldg. & Loan Ass'n v. Bryant, 225 Ala. 527, 144 So. 367.

█ Charge 11, requested by, and refused to, defendant, was properly refused, for the reason, if for no other, that it pretermits freedom from fault in bringing about the sudden peril. Birmingham Rwy., Lt. & P. Co. v. Fox, 174 Ala. 657, 56 So. 1013. Besides, the defendant had all the benefit, properly allowable to him under this theory of the case, by other written instructions given by the court at his request.

Charge 17 is confusing, misleading, and argumentative, and was properly refused.

█ Charge 23, to say the least of it, is argumentative, omits essential postulates, and ignores tendencies of the evidence going to show that defendant's agent and driver discovered the position of plaintiff's truck in time to have prevented the accident, and negligently failed to take preventive action to avoid the collision. Besides, under charges given for defendant, at its request, in connection with the court's oral charge, the defendant had full benefit of any applicable principle of law stated in refused charge 23. The defendant cannot, therefore, complain at the court's refusal to give this requested charge.

There was, as heretofore pointed out, substantial evidence in the cause tending to support the verdict of the jury in this case. The jury found the issues of fact in favor of the plaintiff; the lower court gave its sanction and approval to the jury's verdict. A careful review and consideration of the evidence fail to convince us that the verdict was so contrary to the weight of the evidence as to stamp it as being wrong or unjust. There is presented no satisfying reason to disturb the verdict, and the judgment of the lower court, in overruling the motion for a new trial, will not be reversed. Cobb v. Malone, 92 Ala. 630, 9 So. 738; City of Ozark v. Byrd,

225 Ala. 332, 143 So. 168; Southern Rwy. Co. v. Eaks, 220 Ala. 49, 124 So. 88; Cooke v. Embry, 219 Ala. 623, 123 So. 27. It follows that the judgment appealed from must be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.