## ALAGA COACH LINE, Inc., v. McCARROLL.

### 4 Div. 743.

Supreme Court of Alabama.

Dec. 21, 1933.

Rehearing Denied Jan. 18, 1934.

Chauncey Sparks, of Eufaula, for appellant.

McDowell & McDowell, of Eufaula, for appellee.

KNIGHT, Justice.

The appellant prosecutes this appeal from a judgment of the circuit court wherein a jury had awarded appellee, plaintiff in the court below, a verdict in the sum of $7,500, for personal injuries received by the plaintiff as a result of a collision, upon a public highway, between a truck driven by the plaintiff and a motorbus owned by the appellant, and operated at the time by one of its agents. The accident resulting in the alleged injury of the appellee was the same accident which gave rise to a suit recently decided by this court, and appearing in the report as Alaga Coach Line, Inc., v. Foy, 150 So. 493. The pleading in the present case is similar to the pleading in the Foy Case, excepting, of course, the name of the plaintiff, and the injuries catalogued.

In the Foy Case we held the complaint was sufficient, and not subject to any ground of demurrer directed to it. A reconsideration of the case, on this appeal, leaves us still convinced that the complaints in the Foy Case, and in the case now before the court, are not subject to any grounds of defendant's demurrer, and the court committed no error in overruling the same. There is certainly nothing in the holding in the case of Southern Railway Co. v. Hanby, 166 Ala. 641, 52 So. 334, and the other cases cited by appellant which support its contention that the complaint is defective in the particulars indicated by it. Neither count of the complaint discloses two separate and distinct causes of action. The cause of action stated in each count is for simple negligence against the defendant, in the operation of its motorbus, by and through its agent, acting within the line and scope of his authority as such agent.

It is insisted that the court erred in overruling defendant's objection to the following question propounded on direct examination by the plaintiff to the witness Roberts, "Would you say that track that you observed on the right hand side of the road coming from Eufaula and going towards the church were the tracks made by that Foy bread truck?" Just before this question was

asked, this witness had testified: "I recall in August, 1931, where there was an automobile wreck near that White Oak Church. I visited the scene of that wreck. We drove up, a fellow Parks and me, and we stopped and looked around a little bit; the water hadn't quit running out of the radiator when we arrived,—out of the radiator of the wrecked car. That was McCarroll's car— the bread truck. It was the bread truck that he had been operating. No one was there at the time. I did not see the Dothan bus there, and there was no one else there. In other words, I just found this abandoned wrecked car. (The witness at this point is shown the map or diagram of the Eufaula and Abbeville road. He stated that he is familiar with this road and the position of the houses, church, etc., on said road near the scene of the accident). Mr. McCarroll lives down here (indicating). I did not see the Dothan bus. (Here the witness is handed the two toy automobiles and asked to place them in the position he found them when he arrived). The bread truck was just below this road here (indicating the position by placing the automobile). This is supposed to be the edge of the road, and this is the ditch (indicating). That position is something like I found it there. The wrecked car was just a few feet this side of that road leading into the church grounds. I traced the tracks from that wrecked car down the road towards Eufaula. You could tell very easily, it looked like there had been a rain; in fact, it was early in the morning and you could tell where this truck came up and dragged the left back wheel, I think it was. That track was coming from the direction of Abbeville. That track was on the left side of that road, coming towards Eufaula. I observed some tracks south of this point going up to the church. They were on the right of the road coming or going to Abbeville. I observed the track on the right hand side of the road going up towards the church. Those tracks led up to that wrecked car." It was then that the above objected to question was propounded to the witness Roberts.

This court has time and again held that a witness cannot be allowed to state his opinion that a certain shoe, or foot, could or would make a particular track, that being the very fact the jury are to determine. Busby v. State, 77 Ala. 66; Riley v. State, 88 Ala. 193, 7 So. 149; Hodge v. State, 97 Ala. 37, 12 So. 164, 38 Am. St. Rep. 145; Pope v. State, 174 Ala. 63, 57 So. 245. And in the case of Terry v. State, 118 Ala. 79, 23 So. 776, it was held that a witness should not be allowed to state that two particular tracks are the same.

While it is true that the witness Roberts was not present when the tracks inquired about were made, but he saw and observed the wrecked automobile, saw where it was standing, and it was open to him to see and observe the tracks leading up to the wheels of the standing car. It required but little effort, we take it, to be able to trace the tracks backward along the road. It was not a question as to correspondence or similarity of tracks; but was one of fact, open to the personal observation of the witness. We do not think the question falls within or is governed by the rule excluding opinion evidence "as to tracks." The question called for the statement of a fact which was open to the observation of the witness.

"The general rule is that witnesses must testify to facts, and are not permitted to express mere matters of opinion. The rule has its boundaries and exceptions, which are as well defined as the rule itself. Where a fact cannot be reproduced and made apparent to the jury, a witness may describe the fact according to the effect produced on his mind; or if, from the nature of a particular fact, better evidence is not attainable, the opinion of a witness, derived from observation, is admissible." Mayberry v. State, 107 Ala. 67, 18 So. 219, 220; Whart. Ev. § 511; Lawson on Expert and Opinion Evidence, 460; Orr v. State, 225 Ala. 642, 144 So. 867. We hold that the court committed no error in overruling defendant's objection to said question.

■■ It is also insisted that the court committed error to reversal in sustaining plaintiff's objection to the following question propounded by defendant on cross-examination to plaintiff's witness Clayton Leroy, "How much does he owe you?" The bill of exceptions recites that this witness was recalled and testified as follows on cross-examination: "I am engaged in the grocery business now. I have been running a store at Terese. I am not now. I was at the time of this accident. I think we can settle the matter of the plaintiff's indebtedness to me out of court. He does owe me some money." At this point the defendant asked the witness: "How much does he owe you?" The question, of course, was asked in order to show bias or interest on the part of the witness. It is always permissible to elicit any fact from a witness on cross-examination which would tend to show bias or partiality toward the party calling him to testify. Ex parte Ford, 213 Ala. 410, 104 So. 840; 1 Greenleaf on Evidence (16th Ed.) § 450; Louisville & N. R. R. Co. v. Tegner, 125 Ala. 593, 28 So. 510; Alabama G. S. R. R. Co. v. Johnston, 128 Ala. 284, 29 So. 771.

However, this witness had already testified that the plaintiff owed him, and the bill of exceptions fails to disclose that the appellant informed the court what sum of money he proposed to show the plaintiff owed the witness, whether a trifling amount, or some substantial sum. For aught that is made to ap-

pear, the plaintiff may have owed the witness a very small amount, and defendant had the benefit of the statement of the witness that the plaintiff was indebted to him. We are not unmindful of the act approved September 9, 1927, which reads: "That in the examination of witnesses and the introduction of evidence in the trial of causes in the courts of Alabama, it shall not be necessary to state or disclose to the court the substance of the anticipated answer of the witness or of the evidence sought to be introduced by the question in order to put the court in error in his ruling on objection to the question, unless the court requests that counsel disclose to the court the evidence sought by the question." Gen. Acts 1927, p. 636, § 1.

In construing this act we held in the case of Flowers v. Graves et al., 220 Ala. 445, 125 So. 659, 660: "It is commonly ruled by the courts that questions of error in the trial of causes are of judicial, not legislative, cognizance. But, conceding for the argument the competency of the act here in question, we note the fact that it undertakes to define error in the admission of evidence, but does not require the court to reverse judgments for error without injury or to presume facts in order to reach a conclusion of injury. We hold, therefore, that the authority of the cases cited last above still governs this court in the determination of questions raised in this fashion."

And this court in the case of Morgan-Hill Paving Co. v. Pratt City Savings Bank, 220 Ala. 683, 127 So. 500, 502, with reference to the above statute, made this pronouncement: "Without undertaking to define the scope and effect of such statute, we follow the above decision [Flowers v. Graves, 220 Ala. 445, 125 So. 659], and hold that it [the statute] does not repeal the long-settled law of this state, essential to the administration of justice, that error will not be presumed; nor does it repeal the rules of practice, not mentioned therein, to the effect that probable injury must appear."

To the same effect is our holding in the cases of St. Louis-San Francisco Ry. Co. v. Kimbrell, 226 Ala. 114, 145 So. 433, and Berry v. Dannelly, 226 Ala. 151, 145 So. 662.

■ The burden is on the appellant not only to show error, but also to show that he has probably been prejudiced by such error. Dorough v. Ala. Great So. R. R. Co., 221 Ala. 305, 128 So. 602; Mobile Light & R. Co. v. Portiss, 195 Ala. 320, 70 So. 136; McCray v. Sharpe, 188 Ala. 375, 66 So. 441; Wise, Adm'r, v. Curl et al., 177 Ala. 324, 58 So. 286; Athey v. Tenn. Coal, Iron & Ry. Co. et al., 191 Ala. 646, 68 So. 154.

If it were conceded that the court committed error in not permitting the defendant to show by the witness the amount of the plaintiff's indebtedness to him, we are not reasonably satisfied "after an examination of the entire cause, that the error, if any, has probably injuriously affected the substantial rights of the defendant."

■ It needs no argument to demonstrate the fact that the court committed no error in sustaining plaintiff's objection to the following question propounded to the plaintiff, when testifying in the cause: "Mr. McCarroll, didn't you have an accident down here about Headland sometime ago?" The question manifestly called for immaterial and irrelevant testimony.

■ The defendant was not entitled to have the jury instructed in the terms of any of its refused charges. The evidence was in sharp conflict, presenting a jury question as to the negligence vel non of the defendant's agent in the operation of the bus at the time of the collision, and whether or not such negligence proximately caused the collision, and consequent injury of the plaintiff as averred in the complaint. The charges refused were peremptory instructions to find the issues in favor of the defendant, if the jury believed the evidence. Such charges should never be given when the evidence supports a reasonable inference of facts unfavorable to the party requesting it. Alaga Coach Line, Inc., v. Foy, supra; Byram v. Livingston, 225 Ala. 442, 143 So. 461; McMillan v. Aiken, 205 Ala. 35, 88 So. 135; Southern B. & L. Ass'n v. Bryant, 225 Ala. 527, 144 So. 367.

The appellant also earnestly insists that the verdict was contrary to the great weight of the evidence, and, therefore, the court should have granted its motion for a new trial. In the main, the evidence introduced pro and con on the trial of this case was the same as was given on the trial of the Foy Case, supra. We there held that the verdict was not so contrary to the evidence as to justify judicial interference, and we declined to reverse the case on that ground. A careful consideration of all the evidence in this record likewise fails to convince us that the cause should be reversed for the failure of the trial court to grant defendant's motion for a new trial. We would not be justified in disturbing the verdict on the ground that the same was so contrary to the weight of the evidence as to stamp it as being unjust. Cobb v. Malone, 92 Ala. 630, 9 So. 738; City of Ozark v. Byrd, 225 Ala. 332, 143 So. 168; Southern Ry. Co. v. Eaks, 220 Ala. 49, 124 So. 88; Alaga Coach Line, Inc., v. Foy, supra; Cooke v. Embry, 219 Ala. 623, 123 So. 27.

■ Nor are we impressed with appellant's argument that the damages awarded the plaintiff were excessive in view of the injuries sustained by the plaintiff as the result

of the accident. Under the testimony of the two physicians, one testifying at the call of the plaintiff, and the other called by the defendant, we are convinced that the plaintiff suffered severe and probably lasting injury, and which will most probably continue for a long while, yet to come, if, indeed, he will ever recover.

Finding no reversible errors in the record, the judgment of the circuit court is due to be, and is, affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.