165 So. 391

**PITTMAN v. CALHOUN.**

**4 Div. 832.**

Supreme Court of Alabama.
Dec. 19, 1935.

On Rehearing Jan. 23, 1936.

J. J. Speight, of Dothan, for appellant.

W. Perry Calhoun and J. N. Mullins, both of Dothan, for appellee.

462

KNIGHT, Justice.

Action for damages brought by appellee against appellant, for personal injuries received by appellee as the result of an accident occurring on a public highway, and in which appellee was struck by an automobile driven by appellant.

From the evidence it appears that the plaintiff was walking along the "left-hand side of a highway going east on what is known as the Dothan-Enterprise" public road, in Houston county; that the car driven by the defendant was proceeding in a westerly direction along the same highway; and that at a point on said highway about 1½ miles from Dothan, the defendant's car, driven at the time at a rate of speed of 25 miles, or 30 miles, per hour, struck the plaintiff, inflicting many painful and serious injuries, making necessary the amputation of one of his legs.

The accident occurred at night, and at a point where said road was some 25 or 30 feet wide. The road was straight and level.

The evidence is in sharp conflict as to what occurred just before, and at the time of, the accident. The plaintiff's testimony tended to show that the defendant was at fault in bringing about the accident; while the testimony of the defendant and other witnesses tended to show the defendant was free from all fault, and that the injuries received by the plaintiff were due to his own actions at the time, and which could not have been foreseen or guarded against by the defendant.

The question of negligence vel non of the defendant, as well as that of contributory negligence on the part of the plaintiff were, under the evidence, for the determination of the jury.

The plaintiff's complaint consisted of two counts; count 1 for simple negligence, and the second for a wanton wrong. The court charged out the wanton count.

The defendant filed three pleas, the first being the general issue, while pleas 2 and 3 set up contributory negligence on the part of the plaintiff. These pleas of contributory negligence as last filed were limited to the simple negligence count.

The plaintiff demurred to pleas 2 and 3, and the court sustained the demurrer to plea 2, but overruled it to plea 3.

The trial resulted in verdict and judgment for plaintiff, and from this judgment the present appeal is prosecuted.

The appellant's first assignment of error presents for our review the action of the court in sustaining plaintiff's demurrer to defendant's second plea.

If it should be assumed that this action of the court involved error, it could not serve as a basis for reversal of the cause, as the defendant had all the benefit of the defense presented by plea 2 under plea 3, which only proceeded with more elaboration of the facts. Creola Lumber Co. v. Mills, 149 Ala. 474, 42 So. 1019.

There was no error on the part of the court in sustaining plaintiff's objection to the question propounded by defendant to his witness Jewel Horn, viz.: "After Mr. Calhoun jumped into the road ahead of them, then could Mr. Pittman have stopped his car without hitting him. You said

you saw Mr. Calhoun and saw Mr. Pittman driving, you saw Mr. Calhoun where he was, you saw Mr. Calhoun jump in front of the car. Now I ask you, could Mr. Pittman have stopped his car?" This question called for the conclusion of the witness. It did not, as argued by counsel for appellant, call for a "shorthand rendering of the facts"; nor was it the statement of a collective fact, sometimes admissible, subject to the cross-examination of the witness as to the simple facts so combined, and the sufficiency of his knowledge. Whether the driver could have stopped his car without hitting the plaintiff, after the latter jumped into the road, was one of the issues to be determined by the jury under all the evidence. The witness will not be allowed to put himself in the place of the jury. Perry v. Graham, 18 Ala. 822; Louisville & N. R. Co. v. Landers, 135 Ala. 504, 33 So. 482; Alabama City, G. & A. R. Co. v. Heald et al., 178 Ala. 636, 59 So. 461; Houston v. Elrod, 203 Ala. 41, 81 So. 831; Louisville & N. R. Co. v. Bogue, 177 Ala. 349 (4), 58 So. 392; St. Louis & S. F. R. Co. v. Brantley, 168 Ala. 579, 53 So. 305; Brandon v. Progress Distilling Co., 167 Ala. 365, 368, 52 So. 640; Eureka Co. v. Bass, Adm'r, 81 Ala. 200, 8 So. 216, 60 Am.Rep. 152.

There was no error in permitting the plaintiff to ask the defendant's witness Deal the following question: "You represented the insurance company, didn't you?"

▉▉ Deal's company had liability insurance on the car which struck the plaintiff, and the witness had interested himself about the case, and it was permissible to show that Deal represented the company, as tending to establish bias on the part of the witness, a fact always permissible to be shown in order that the jury may properly weigh the testimony of such witness. Alaga Coach Line v. McCarroll, 227 Ala. 686, 151 So. 834, 92 A.L.R. 470; Ex parte Ford, 213 Ala. 410, 104 So. 840; 1 Greenleaf on Evidence (16th Ed.) 450; Louisville & Nashville R. Co. v. Tegner, 125 Ala. 593, 28 So. 510; Alabama G. S. R. Co. v. Johnston, 128 Ala. 283, 284, 29 So. 771.

▉▉ There was error committed by the court in overruling defendant's objection to the following question propounded by plaintiff to his witness Clois Martin for the purpose of impeaching defendant's witness J. C. Jones: "Did J. C. Jones on that occasion tell you that he was on the same side of the road Mr. Calhoun was on, and when he saw the car coming he got off on the other side of the road to get out of the way?"

No sufficient predicate had been laid for the question, and therefore plaintiff should not have been allowed to ask the question. It is true that plaintiff, without objection, had previously asked the witness Jones the following question: "In that conversation (with Clois Martin) didn't you tell him that you saw that car coming down close to that shoulder and you went across the road because you saw it coming that way?" As a predicate for impeachment of the witness Jones, the question should have called the witness' attention to the time, place, and persons present; but objection was not made to the question on that ground. The witness, without objection, answered, "No." Assuming that the plaintiff's failure to object to the question in its form, as put to the witness Jones, was a waiver of the rule requiring such questions to state the time, place, and persons present, that the witness' memory might be more directly called to the conversation, yet the statement shown by the contradicting witness Martin was much broader, both in the language and substance, than the predicate laid. It was therefore error to overrule defendant's apt objection thereto. Holmes v. Holmes, 212 Ala. 597, 103 So. 884. We are not unmindful, of course, that the rule only requires substantial similarity between the predicate and the counter declaration. Nelson v. Iverson, 17 Ala. 216, 219; Holmes v. Holmes, supra.

▉ We think there was error in overruling defendant's objection to the following question propounded by plaintiff to the witness Clois Martin: "Where did those negroes (having reference to the witnesses Jewel Horn and J. C. Jones) tell you they were at the time the car hit Mr. Calhoun?" No predicate had been laid for the impeachment of the witnesses Horn and Jones in respect to their testimony in the particulars inquired about.

▉ Plaintiff's given charges 1, 2, and 3 asserted correct propositons of law, applicable to the case, and were not "patently and manifestly abstract" as contended by appellant's counsel. Travis v. Louisville & N. R. Co., 183 Ala. 415, 62 So. 851; Lewy Art Co. v. Agricola, 169 Ala. 60, 53

So. 145; Sheffield Co. v. Morton, 161 Ala. 153, 49 So. 772.

We do not think charge 6, given at the request of the plaintiff, is subject to the criticism made in appellant's brief. When read as a whole we think this charge asserts a sound proposition of law.

In Cook v. Central Railroad & Banking Co., 67 Ala. 533, this court quoted with approval what is said in Wharton on Negligence, § 304, viz.: "We may say, as a general rule, too, that 'a person is not chargeable with contributory negligence, who, when unwarned peril comes on him suddenly, acts wildly and madly. For persons in great peril are not required to exercise all the presence of mind and care of a prudent, careful man; the law makes allowances for them, and leaves the circumstances of their conduct to the jury.'" To the same effect are our holdings in the cases of Richmond & Danville R. Co. v. Farmer, 97 Ala. 141, 12 So. 86; Postal Telegraph Cable Co. v. Hulsey, 132 Ala. 444, 31 So. 527; Louisville & Nashville R. Co. v. Stewart, 128 Ala. 313, 29 So. 562; Louisville & Nashville R. Co. v. Thornton, 117 Ala. 274, 23 So. 778.

Of course, the above-stated rule has no application to, and cannot be invoked by, one who wrongfully and voluntarily puts himself in such a position of danger. Birmingham Ry., Light & Power Co. v. Fox, 174 Ala. 657, 56 So. 1013; Alaga Coach Line, Inc., v. Foy, 227 Ala. 506, 150 So. 493.

Under no theory of the case, under the evidence adduced, was the defendant entitled to the general affirmative charge.

We have time and again held that trial courts will not be put in error in refusing instructions requested by the parties, in respect to the degree of conviction in the minds of the jury essential to establish an issue of fact, that are not expressed in the exact and appropriate language of the law, which is that they must be "reasonably satisfied from the evidence."

Charges 4, 5, 6, 7, and 12, requested by the defendant, were each refused by the court without error for the use of the terms "if the jury believe," "if they believe," and "if you believe," instead of "if the jury is reasonably satisfied," etc. Warner v. Warner, 223 Ala. 524, 137 So.

418; Pan American Petroleum Co. v. Byars, 228 Ala. 372, 153 So. 616.

Inasmuch as the case must be reversed for the errors above pointed out, it becomes unnecessary to pass upon the motion of defendant for a new trial.

For the errors pointed out, the judgment of the circuit court must be reversed and the cause remanded.

Reversed and remanded.

THOMAS, BOULDIN, and BROWN, JJ., concur.